## STATE v. DANIEL J. UNDERWOOD.

*Indictment--Larceny--Severance--Privilege of Counsel--Variance—Amendment of Record.*

1. The refusal of the Court below to order a severance is an exercise of discretionary power and not subject to review in this Court.

2. It is not error for a prosecuting officer to comment on the personal appearance of the defendant in reply to remarks of defendant's counsel calling attention to his appearance.

3. A defendant is entitled to a new trial where counsel abuse their privilege in addressing the jury to his prejudice, but not where there is "cross-firing" which is stopped by the Court before any real injury is done.

4. In an indictment for larceny where the article stolen is described as a "strain-cloth" and is proven on the trial to be a "strainer-cloth;" *Held*, to be no variance between the allegation and the proof.

5. It is not sufficient ground for an arrest of judgment that the Court below permitted the transcript of the case to be amended from the original records by the Clerk of the Court of the County where the indictment was originally found, so as to show that the same was returned in "open Court."

(*State* v. *Campbell,* 76 N. C. 261 ; *State* v. *Upton,* 1 Dev. 513, cited and approved.

INDICTMENT for Larceny, removed from Cumberland and tried at Spring Term, 1877, of MOORE Superior Court, before *McKoy, J.*

The defendant and others were indicted for larceny and receiving stolen goods, the property of E. J. Lilley, knowing them to have been stolen. The facts are sufficiently stated by Mr. Justice FAIRCLOTH in delivering the opinion of this Court. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General* and *Messrs. Neill McKay* and *G. M. Rose,* for the State.

*Messrs. McRae & Broadfoot*, *Guthrie & Carr* and *T. H. Sutton*, for defendant, relied upon *State* v. *Smith*, 75 N. C. :306, and the cases there cited.

FAIRCLOTH, J.   After a verdict of guilty, the defendant moved for a new trial on the ground:

1. Because the Court refused a motion for severance on the trial.   This was a matter of discretion with the Judge and we cannot review it.

2. Because the Solicitor commented on the personal appearance of the defendant, in reply to remarks of defendant's counsel calling attention to his appearance.   This was not objected to nor called to the attention of His Honor at the time.

3. Because one of the counsel for the State said, the defendant seemed to be popular with the ladies as one had become his security, who might be a bouncing lass of sixteen or a fancy character.   On objection by defendant's counsel, His Honor said, " there was no evidence of this, and this case must be tried on the evidence."   Whether this was said in a loud or low voice we cannot tell from the record, but we must assume that it was heard and understood by the jury.   This was all that we can see that he should have done, and whether he should have emphasized his language or reproved the counsel was a matter of sound discretion with the Judge.

We have in some cases ordered a new trial on account of the abuse of privilege by counsel, and will always do so when it seems probable that the defendant has been prejudiced on his trial by such abuse, but the present seems to have been a case of cross-firing with small shot, which was ordered to cease by His Honor, before any real injury was done.

4. Because of the variance between "strain cloth" charged in the bill, and "strainer cloth " proved by the evidence.

STATE *v.* UNDERWOOD.

This exception is disposed of by the opinion and authorities cited in *State* v. *Campbell*, 76 N. C. 261 ; besides, there was evidence of the identity of hats and shoes, &c., of the prosecutor, alleged and proved to have been stolen at the same time, with his private mark, and there is no variance between the allegation and proof of the names of these articles.

The defendant then made a motion in arrest of judgment, because the transcript from Cumberland County did not show that the bill of indictment had been returned in *open* Court as a true bill in that County. His Honor allowed an amendment of the transcript to be made by the Clerk of Cumberland County from the original records of said County and we think he had the power, and that it was proper for for him to do so. *State* v. *Upton*, 1 Dev. 513.

There is no error. Let this be certified in order that the Superior Court may proceed with the case according to law.

PER CURIAM.                    Judgment affirmed