STATE v. M. C. DIXON and another.

*Practice—New Indictment—Several Defendants and Separate De-fences—Discretionary Power of Court.*

1. In the prosecution of criminal actions, the Solicitor is not restricted to the first bill of indictment found, but may at any time before entering upon the trial send another bill to the Grand Jury and re-quire the defendants to answer that.

2. On the trial of a criminal action, where there are two or more de-fendants and their defences are separate and antagonistic, the Court must regulate the order and manner in which the defences are to be presented, and the exercise of such discretion is not reviewable in this Court.

INDICTMENT for an Affray tried at Spring Term, 1877, of GUILFORD Superior Court, before *Cox, J.*

The defendants, M. C. Dixon and J. B. Gretter, were in-dicted for an affray and put upon trial on a new bill substi-tuted for that upon which they had been arrested, and dif-fering from the first, only in the order in which their names appeared on the bill. When the evidence offered for the State was concluded, the Court directed the defendant, Dix-on, to introduce and examine his witnesses, and then the other defendant to do the same. Some of the evidence of-fered by the defendant, Gretter, tended to the inculpation of Dixon, and the latter was offered an opportunity to meet and rebut it, which was declined. The jury found both defendants guilty and the Court pronounced judgment, from which Dixon appealed.

*Attorney General,* for the State.
*Messrs. J. A. Gilmer* and *J. T. Morehead,* for defendant.

SMITH, C. J. (After stating the facts as above.) We find

STATE *v.* DIXON.

nothing in the conduct of the cause of which the appellant can rightfully complain. The Solicitor is not restricted to the first bill, but may at any time before entering upon the trial send another bill to the grand jury, and require the defendants to answer that. It is equally plain that where several persons are charged, whether they unite in a common defence, or as in this case where their defences are separate and antagonistic, the Court must regulate the order and manner in which the defences are to be presented; and the exercise of this discretion cannot be reviewed in this Court. But as far as any rule of practice is to be found, it was observed in this case, by calling on the defendant whose name first appeared on the bill, to begin his defence. This was done in the case of *Regina* v. *Barber*, 1 Car. & Payne, 434, where the defendants' counsel were unable to agree among themselves.

No error.

PER CURIAM.                    Judgment affirmed.