STATE v. ABRAM BRYAN and others.

*Indictment for Defacing Jail—Motion in Arrest—Comments of Counsel.*

1. A motion in arrest of judgment should point out definitely the alleged defect in the indictment.

2. The indictment in this case is sufficient to charge the defendant with the offence of defacing and damaging the jail. The general purpose of the statute (Bat. Rev., ch. 32, §§93, 28, 11) to protect houses from wilful injury, discussed by MERRIMON, J.

3. Counsel will not be allowed to impeach a witness by reading a paper, in his argument to the jury, which had not been put in evidence.

4. It is only in extreme cases of the abuse of the privilege of counsel, and when the same is not checked by the presiding judge and the jury not properly cautioned, that this court will interfere and grant a new trial.

(*State* v. *Underwood*, 77 N. C., 502, cited and approved).

INDICTMENT for injuring and defacing the county jail, tried at Spring Term, 1883, of CRAVEN Superior Court, before *Philips, J.*

The jurors, &c., present that defendants, &c., the common jail of said county, did feloniously, wilfully, unlawfully and violently beat, strike and cut with axes, chisels, mallets and heavy

sticks of wood, whereby the inner and outer walls and part of the window and cage of said jail were broken, defaced, disfigured, injured and damaged; and the said defendants, the said common jail, by the means aforesaid, did then and there feloniously, wilfully, unlawfully and violently, greatly injure and damage, contrary, &c.

The state introduced the written examination taken down by the magistrate at the preliminary trial of the defendants, and proved by him that they were duly advised of their right to decline to answer any question put to them on that occasion, and that their refusal should not be used to their prejudice at any stage of the proceeding. The examination was then read to the jury, without objection, for the purpose of showing that the statements made by defendants at the preliminary trial were contradictory to those made by them to witnesses who testified upon the trial of the issue in court.

On cross-examination, the magistrate stated that he reduced all the evidence to writing, including that of the witness Fulcher, who had been previously put upon the stand; and during the argument to the jury, one of the defendants' counsel proposed to argue that said Fulcher had made certain statements in his examination before the magistrate, and began to read from a paper and comment thereon, in relation to this matter. The paper proposed to be read had not been put in evidence, or offered to be put in evidence; nor was the same identified by the magistrate as the evidence reduced to writing by him at the preliminary trial. To this the state objected; objection sustained, and the defendants excepted.

The defendants' counsel spoke abusively of the state's witnesses, without objection being made; and in turn the prosecuting attorney said he might reply to the argument that defendants were rogues; whereupon the defendants' counsel objected, and the judge stopped counsel, who withdrew the remark, and the argument proceeded. In the charge to the jury, the judge cautioned them not to allow such remarks of counsel to influence their verdict.

There was also evidence of a former jail-breaking, and that the defendant Bryan was cognizant of the same, and was the jailer at the time, which was received without objection. The defendants' counsel, in alluding to this, said his client had nothing to do with it, and, in reply, the opposing counsel remarked that he could as well argue that Bryan knew all about it; and, upon objection being raised to the latter's comment, the judge did not interfere, as the same was made in reply, and not in itself improper.

Verdict of guilty. Motion in arrest of judgment, upon the ground of insufficiency of the indictment; motion overruled, and the defendants appealed from the judgment pronounced.

*Attorney-General,* for the State.

No counsel for defendants.

MERRIMON, J. The defendants moved in arrest of judgment upon the general ground of insufficiency of the indictment, without specifying wherein such insufficiency appeared, and we are left to search for and find it, if, indeed, it exists at all. This is bad practice. The motion should point out with certainty and definiteness the particular ground assigned for arrest. After a careful examination of the indictment, we think it is sufficient in form and substance. There are some unnecessary words employed, but they in no way impair its efficiency; they are merely surplusage.

It is clear that an offence, under the statute, is charged. Section 93, of chapter 32, of Battle's Revisal, embraces the buildings therein specified by name, and, in addition, "the houses or buildings mentioned in section 28 of this chapter," and also any "other house or building not mentioned in the above recited section of this chapter."

Now, it is manifest that the words "other house or building," in the last recited clause, embrace a jail, a jail-house or building. The term "jail" implies a house or building used for the pur-

poses of a public prison, or where persons under arrest are kept. A jail is embraced also by another clause of the ninety-third section of said chapter. It embraces "any of the houses or buildings *mentioned* in section 28 of this chapter." The twenty-eighth section also specifies certain houses and buildings by name, and then provides further, "or any of the houses or buildings mentioned in the previous sections of this chapter." Jail is mentioned, specified, in section 11, a previous section of that chapter. Jail is not mentioned by name in the twenty-eighth section; but it is mentioned by the reference to section 11. The term *mentioned* is used in the sense of referred to or noticed. This is apparent from the comprehensive purpose manifested in the twenty-eighth section, and the general purpose of the statute to protect houses and buildings from wilful injury, damage and defacement.

The testimony mentioned in the first and third exceptions was received without objection. It was too late to object to it, even if it were not strictly competent, in the argument to the jury. It was manifestly improper for counsel to undertake to impeach the state's witness by reading to the jury a paper-writing purporting to contain what that witness had sworn to at the preliminary examination of the defendants before the justice of the peace, that paper not having been introduced as evidence. The court properly excluded it.

The exception, on account of the comments of counsel upon witnesses and the defendants cannot, be sustained. It appears that the judge carefully cautioned the jury in this respect. If he had not done so, the record develops no such comments as would entitle the defendants to a new trial. The manner of conducting the argument of counsel, the language employed, the temper and tone allowed, must be left largely to the discretion of the presiding judge. He sees what is done, and hears what is said. He is cognizant of all the surrounding circumstances, and is a better judge of the latitude that ought to be allowed to counsel in the argument in any particular case. It is only in

extreme cases of the abuse of the privilege of counsel, and when this is not checked by the court, and the jury is not properly cautioned, that this court can interfere and grant a new trial. *State* v. *Suggs, ante,* 527; *State* v. *Underwood,* 77 N. C., 502.

No error. Affirmed.