STATE v. FRANCIS M. DEATON AND HENRY T. DEATON.

*Indictment—Drunkenness.*

The warrant in this case charged the two defendants with violation of town ordinance by being drunk in a public place in the town; *Held,* that the warrant was fatally defective for joining two defendants charged with an offence which could not be jointly committed.

This was a CRIMINAL ACTION, tried before *Shepherd, Judge,* at Fall Term, 1884, of RICHMOND Superior Court.

The action was commenced by warrant in a mayor's court against the defendants, F. M. Deaton and H. T. Deaton, for a violation of an ordinance of the town of Laurinburg, and carried by appeal to the Superior Court.

The warrant is in the following words, to-wit: "Whereas, W. B. Hatton hath complained on oath before the undersigned, mayor of the town of Laurinburg in said county, that F. M. Deaton and Henry Deaton, in the said town, on the 1st day of September, 1883, unlawfully were drunk in a public place within the corporate limits of said town, and used profane and indecent language and otherwise disturbed the peace of said town in and at said place, against the peace and dignity of the State, and contrary to the town ordinance in such case made and provided; which said ordinance reads as follows: "Any person who shall be found drunk or using profane and indecent language, or acting in a disorderly manner, or exposing their person, or in any way disturbing the peace and quiet of the town, shall be fined not less than two dollars nor more than twenty-five dollars. You are therefore commanded forthwith to arrest the said Francis Deaton and Henry Deaton and have them before me according to law."

On the trial in the Superior Court, the defendants were found guilty by the jury. Thereupon, they moved in arrest of judgment, which was overruled by the court, and judgment rendered against them, from which they appeal to this court.

*Attorney General,* for the State.
*Mr. J. W. Hinsdale,* for the defendants.

ASHE, J. (after stating the facts). There was error in the refusal of the judge in the court below to arrest the judgment. The offences charged in the warrant are of such a character that they cannot be jointly committed. Drinking is a personal vice

which attaches to the individual. It is a physical as well as moral infirmity, brought on by one's voluntary act, and no two persons can participate in the same identical physical condition. The same in regard to using improper language. The words spoken by two persons though they may be literally similar, yet they are the words of each, distinct from the words of the other.

Thus it has been held that two persons cannot be jointly indicted for perjury, or for seditious, obscene and blasphemous words, because such offences are in their nature distinct— *Wharton's Criminal Law*, 430—and it is laid down in 2 *Hawk.*, ch. 25–89, that "even when several commit a joint act, which act, however, is not of itself illegal, but becomes so merely by reason of some circumstance applicable to each individual severally and not jointly, they must be indicted separately."

Some of the authorities, we are aware, maintain that offenders may be included in the same indictment, when they are charged with offences distinct in their character, but must be charged "*separaliter.*" That, however, even if law, was not done in this case, and we are of opinion the warrant was fatally defective for joining offences that were distinct and could not be jointly committed.

. The judgment of the Superior Court must, therefore, be overruled. Let this be certified.

Error.                                     Reversed.