STATE v. CARRAWAN.

(Filed September 25, 1906).

*Severance—Comments of Counsel—Larceny of Raft of Logs —Evidence—Instructions.*

1. The refusal of the Court to grant a severance in a criminal case is not reviewable except in case of gross abuse.

2. The refusal of the Court to interfere with the comments of counsel is not reviewable, except in case of gross abuse.

3. In an indictment for stealing a raft of logs where the evidence tended to show that the raft of logs had been stolen and that the logs which the defendants had sold had been a part of the stolen raft, a prayer that it would not be sufficient to show that the defendants took some logs floating on the river and unrafted, was properly refused as not applicable to the evidence.

INDICTMENT against J. T. Carrawan and others, heard by *Judge T. J. Shaw* and a jury, at the July Term, 1906, of the Superior Court of CRAVEN.

Defendants were indicted for stealing a raft of timber, the property of the Pine Lumber Company. There was a verdict of guilty as to six of the defendants, and from the judgment on the verdict, they appealed.

*W. D. McIver,* with the *Attorney-General,* for the State.
*D. L. Ward* for the defendants.

HOKE, J. We find no error in the record or case on appeal which requires or permits that a new trial be awarded the

defendants or either of them. The refusal of the Court to grant them a severance is not reviewable except in case of gross abuse, and no such abuse appears in the present case. *State v. Oxendine,* 107 N. C., 783. And the same may be said as to the exception noted in response to the comments of counsel. *State v. Horton,* 139 N. C., 608.

It was chiefly urged for error on the part of the defendants that the trial Court had refused the following prayer for instructions: "In order to support an indictment for stealing a raft of logs, it must appear that the logs were rafted and taken, and it will not be sufficient to show that the defendants or any of them took some logs floating on the river, and unrafted." The case on appeal states that the Court below "declined the prayer as not being applicable to the case and the evidence therein"; and in this ruling we concur.

It may be a correct position that on an indictment for stealing a raft of timber a defendant should not be convicted on proof that he had taken certain separate logs, there being no testimony to show that a raft of logs had been stolen or none tending to connect these separated logs with the raft. But no such question arises here. There was strong evidence tending to show that a raft of logs belonging to the Pine Lumber Company had been stolen at a point on the river known as "Pitch Kettle Bend," and at some time between the 3d and 12th of March, 1905; that from March 13 to April 1, at different times, five of the defendants had sold numbers of logs to the agent and buyer of the Elm City Lumber Company at a point on the river known as "Cowpen Landing," somewhere in the neighborhood of Pitch Kettle Bend; that the logs were later floated to the ponds of the Elm City Lumber Company at New Bern, and there numbers of them were identified as logs which had formed part of the stolen raft.

There was other testimony tending to inculpate these five defendants, and also the sixth defendant, Job Holmes. Thus, in the testimony of Lewis Wiggins: "I was at Pitch Kettle

last March. Hugh Pate (defendant) asked me to help him roll some logs. Job Holmes (sixth defendant) was there with them. I do not know who else was present. When we were rolling in the logs a steamboat came up the river. All the men there quit work and hid as the steamboat passed, and I was standing alone." It had been proved that the stolen raft had been tied up at Pitch Kettle Bend on account of high water, and when the water subsided part of the raft rested on the bank of the river and would have to be rolled in the water before the logs could be floated.

It would be incorrect to hold, as the defendants' prayer would indicate, that this testimony only tended to show the taking of separated and unrafted logs. Such an interpretation is entirely too restricted. As heretofore stated, there was evidence tending to show that the raft of logs had been stolen, and this testimony, tending as it did to show that the logs which these defendants had sold to the agent of the Elm City Lumber Company had been a part of the stolen raft, bore directly on their guilt of theft of a raft of timber as charged in the bill of indictment.

No Error.