STATE v. WILLIAM HOLDER, JUNE GUNTER and OSCAR
BAUGH.

(Filed 12 October, 1910.)

1. Rocking Trains — Indictments — Joint Defendants — Motion to
   Quash—Discretion—Procedure.

   A motion to quash a bill of indictment against several defend-
   ants for throwing stones at a train, Revisal, 3763, must be made
   on the face of the bill, and may be disallowed by the judge, in his
   sound discretion, except in cases of gross abuse.

2. Conspiracy—Proof—Rocking Train—Participation—Evidence.

   Proof of conspiracy is necessary only to fix liability upon mem-
   bers of a crowd or mob present at the time the offense was com-
   mitted, but not shown to have committed the illegal act, and upon
   trial for throwing stones at a train, Revisal, sec. 3763, it is not
   necessary to show a conspiracy, it appearing that the several de-
   fendants were not only thus present, but threw stones at different
   coaches of the same train.

3. Indictments—Rocking Trains—Vagueness—Bill of Particulars—
   Procedure.

   Upon a trial for throwing stones at a train prohibited by
   Revisal, 3763, a charge in the bill that it was done "from one
   station to another" follows the form set out in the statute, and is
   not void for vagueness and uncertainty. The remedy of defend-
   ant was by motion made to the court for a bill of particulars.
   Revisal, 3244.

4. Evidence Impeaching—Record Evidence.

   A question asked the defendant in a criminal action, "if he had
   not theretofore been convicted of an offense and served a sen-
   tence upon the roads," is not objectionable upon the ground that
   the record was the best evidence.

5. Indictment—Statutory Language—Legislative Powers—Defining
   Crime—Interpretation of Statutes.

   Revisal, 3763, prescribes a form of indictment for throwing
   stones at a train, and makes such acts a misdemeanor, punishable
   "by a fine or imprisonment in the county jail or State's Prison in
   the discretion of the court"; and a motion in arrest of judgment
   will be denied if made merely upon the ground that the indict-
   ment did not contain the word "feloniously," secs. 3595, 3612,
   3615, 3694, 3763, being an exception to the provisions of sec. 3291,
   when construed together. S. v. Fesperman, 108 N. C., 770, cited
   and distinguished.

APPEAL by defendants from *Cooke, J.*, at the July Term, 1910, of WAKE.

The facts are sufficiently stated in the opinion.

*Attorney-General* and *George L. Jones* for the State.
*J. C. L. Harris* for defendant.

CLARK, C. J. The defendants were indicted for throwing stones at a train, under Rev., 3763. Motion was made to quash the bill because the offense charged was not a joint one, and each defendant was entitled to a separate trial. The court, in its discretion, overruled the motion. This was a matter clearly within its sound discretion and will not be reviewed by this Court except in cases of gross abuse. *S. v. Carrawan,* 142 N. C., 575; *S. v. Barrett, ib,* 565; *S. v. Moore,* 120 N. C., 570; *S. v. Finley,* 118 N. C., 1161; *S. v. Oxendine,* 107 N. C., 783; *S. v. Gooch,* 94 N. C., 987; *S. v. Underwood,* 77 N. C., 502; *S. v. Collins,* 70 N. C., 241. Such motion must be made on the face of the bill and not upon the evidence. In fact, however, the "rocking" was done at the same time and place, though some of the defendants threw stones at one car and some at another. It was not necessary to show a conspiracy, any more than when several persons in a mob are shown to have done illegal acts of the same nature at the same time and place. They are each liable. The proof of conspiracy is necessary only to fix liability upon members of a crowd or mob who are present but not shown to have committed the illegal act. In such case, if the common design or conspiracy is shown, all parties are liable. It does not appear that the defendants here suffered any prejudice from the refusal to sever, and it was in the interest of the administration of justice, in such case, to try them together.

There was also a motion to quash on the ground that the bill was vague and uncertain in the charge "from one station to another." The bill followed the statute and as a rule that is all that is necessary. "In all indictments when further information not required to be set out therein is desirable for the better defense of the accused, the court, upon motion, may, in its discretion, require the solicitor to furnish a bill of particulars of such matters." Rev., 3244.

One of the defendants, being on the stand in his own behalf, was asked if he had theretofore been convicted and served a sentence upon the roads. The defendants objected to the question on the ground that the record was the best evidence. The question was for the purpose of impeaching, and was clearly competent. *S. v. Lawhorn,* 88 N. C., 637.

After verdict, the defendants moved in arrest of judgment because the bill of indictment did not contain the word "feloniously." The court denied the motion and defendants excepted. Indictments for felony must contain the word "feloniously." *S. v. Shaw,* 117 N. C., 764; *S. v. Purdie,* 67 N. C., 26, not that it is of any aid or benefit to a defendant, but because it is of long usage, coming down from a remote past, when there was a reason for its use which has long ago ceased. Prior to chap. 205, Laws 1891, now Revisal, 3291, the line between felonies and misdemeanors was an arbitrary one, having no reference to the punishment. For instance, perjury and forgery, though both punishable by imprisonment in the State's prison, were misdemeanors. By that act, it was provided, that any "crime which is, or may be, punishable either by death or imprisonment in the State's prison" is a felony, and all others are misdemeanors. But in the Revisal there are five sections, 3595, 3613, 3615, 3754 and 3763 (under which last this bill is found), which provide that any person violating them "shall be guilty of a misdemeanor and punished by fine or imprisonment in the county jail or State's prison at the discretion of the court." The Revisal must be construed together as one statute, and these sections must therefore be deemed specific exceptions to the general rule laid down in Revisal, 3291. Doubtless, it was an inadvertence in the commissioners not to revise these five sections to conform to Revisal, 3291, which was intended to remove such incongruities. But the court must take the law as it is written. The Legislature is sole judge of what crimes shall be styled felonies, and what are to be termed misdemeanors.

This is an entirely different proposition from that presented in *S. v. Fesperman,* 108 N. C., 770. There it was held that the Constitution determined the jurisdiction of a J. P. by the *quantum* of the punishment that might be imposed and hence that

the Legislature could not transfer the jurisdiction of an offense to the court of a justice of the peace if it left the punishment which might be inflicted in excess of that which, under the Constitution, such officer could impose. But this present case is not one of jurisdiction, and it rests with the Legislature to style any offense a misdemeanor, notwithstanding, it is punishable in the State's prison. This offense occupies, in this respect, the same status that perjury and forgery did prior to the Act of 1891.

A case exactly in point is *S. v. Harris,* 145 N. C., 456. In that case the defendant was indicted for perjury, and appealed on the ground that the word "feloniously" was not used in the indictment. Rev., 3247, prescribed a form of indictment for perjury, and left out the word "feloniously." This Court held it unnecessary for the word to appear, *Mr. Justice Hoke,* for the Court, saying: "It is chiefly urged against the validity of this conviction and sentence that the word 'feloniously' is not used in the indictment. The question is distinctly and properly raised, both by motion to quash and in arrest of judgment, but we are of opinion that the position cannot be sustained. It has been frequently held with us that in indictments for felonies, the word 'feloniously' must appear as descriptive of the offense, and that no other or equivalent term will suffice. This principle, however, does not obtain where the Legislature otherwise expressly provides, and so it is here. Rev., 3247, establishes a form of indictment for perjury and enacts in express terms that the form shall be sufficient. The statute does not make the word 'feloniously' a part of the bill, and it does not appear in the form set out, and the same is therefore no longer required. The General Assembly has the undoubted right to enact. legislation of this character, to modify old forms of bills of indictment, or establish new ones, provided the form established is sufficient to apprise the defendant with reasonable certainty of the nature of the crime of which he stands charged. 'To be informed of the accusation against him' is the requirement of our bill of rights, and unless such legislation is in violation of this principle or in contravention of some express constitutional provision, it should and must be upheld by the courts."

153—39

---

STATE *v.* LUMBER COMPANY.

---

If the word "feloniously" can be dispensed with in perjury, though still a felony, certainly it is not required in this offense which the Legislature has made a misdemeanor.

No error.