The defendant Kirkland was convicted of a secret assault with a deadly weapon upon R. L. Barnett, with intent to kill. The defendant Wilson was convicted of conspiring with Kirkland to commit said assault. James Taylor was charged in same bill and was convicted of an attempt to commit the crime of accessory after the fact. Kirkland and Wilson were sentenced to six years in State's Prison at hard labor and from such judgment appealed to the Supreme Court.
As to James Taylor, prayer for judgment was continued until the succeeding term of the Superior Court.
The defendants Kirkland and Wilson in apt time moved the court to grant a severance. This motion was denied. It was renewed at close of State's evidence and again renewed at close of all the evidence and denied. Defendants duly excepted.
The grounds for such application are that much of the evidence was competent as against one defendant and not competent against the *Page 817 
other and that "although the court charged the jury that much of this was not evidence against Kirkland, or not evidence against Wilson, yet it had its weight with the jury and the defendants seriously insist that the court should have ordered a severance so that the cases might be tried upon the proper testimony as against each defendant."
It has been frequently held that a motion for a separate trial of defendants charged in the same bill of indictment is a matter that must necessarily be left to the sound discretion of the trial judge. To undertake to review such rulings is impracticable and would result in great delay in the disposition of criminal actions. It is only when there appears to have been an abuse of such discretion that this Court will entertain such exceptions and review the rulings of the trial judge. Nothing of that nature appears in this record. S. v. Dixon, 78 N.C. 558;S. v. Parrish, 104 N.C. 689; S. v. Hastings, 86 N.C. 597; S. (772)v. Haney, 19 N.C. 390; S. v. Murphy, 84 N.C. 742.
The defendant Kirkland objected to the admission of the declaration of James Wilson, his codefendant, to witness Barnett that about a week previous to the shooting the defendant Wilson came to him and told him that Jim Nelson was laying a plan to shoot witness. There are a number of other exceptions in the record to declarations of Kirkland and Wilson upon same ground.
The court carefully instructed the jury that such declarations are evidence only against the defendant who made them. The individual declarations of defendants tried together are competent as against the defendant making them, although the other defendants be not present when made.
The judge should carefully instruct the jury, as was done in this case, that they must disregard such declarations as to the defendants who were not present when they were made and that they are competent only against the person making them. S. v. Collins, 121 N.C. 667; S. v. Cobb,164 N.C. 418.
If the declarations of a defendant could not be taken as evidence against him because he is indicted and tried with others, it would be impossible to try persons together who are charged with a common offense. This would greatly clog the wheels of justice. It is true that declarations by one defendant, competent only against him, may tend to show his codefendant's guilt, but that is no ground for excluding them in a joint trial. S. v. Brite, 73 N.C. 26.
The judges always endeavor to the protect the rights of each defendant by proper instructions and admonitions to the jury, and it is reversible error if he fails to do so.
There are other exceptions to the evidence, all of which we have examined, and think that they are without merit, and that it is needless to *Page 818 
discuss them. The assignments of error directed to the charge cannot be sustained. We find nothing in it that can reasonably be construed into an expression of opinion as to whether a material fact is proven. In referring to the conversation between Ledford and defendant Wilson, we do not think the language of the judge is open to that criticism. He evidently referred to the conversation as a fact testified to by the witness.
We do not think the jury could reasonably have misunderstood the matter. They fully understood that it was their exclusive prerogative to determine whether such conversation ever took place.
The charge in full is set out in the record and appears to be a very clear, full and impartial presentation of the case to the jury.
Upon a review of the whole record, we find
No error.
Cited: S. v. Southerland, 178 N.C. 677.
(773)