### STATE v. ASHLEY SOUTHERLAND.

(Filed 24 September, 1919.)

**Indictments—Severance—Motions—Murder—Different Defenses—Conspiracy.**

Upon a motion for a severance under an indictment charging two defendants with murder, the refusal of the trial judge is within his discretion, and not reviewable on appeal in the absence of its abuse, as, in this case, where the only grounds relied on for the motion are that the defense as to one would not apply to the other, and there was no charge of a conspiracy between the defendants to commit the murder charged against them.

APPEAL by prisoner from *Kerr, J.,* at April Term, 1919, of WAYNE.

The prisoner was indicted jointly with Mabel Howard for the murder of Millard L. Parker, the indictment being in the usual form. He was

convicted of murder in the second degree and sentenced to ten years in the State's prison. From this sentence he appealed to this Court assigning only one error. Upon his arraignment he moved for severance on the grounds there would be no evidence offered tending to show the joint commission of the offense; that the defense of Mabel Howard would be that the defendant, Ashley Southerland, committed the offense, and that necessarily evidence would be admitted which, though competent against Mabel Howard, would not be competent against the defendant, Ashley Southerland. The court overruled this motion, and the defendant, Ashley Southerland, excepted.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Kenneth C. Royal and J. L. Barham for prisoner.*

CLARK, C. J. There is no exception to evidence or the charge. The sole assignment of error is the refusal of the motion to sever. From *S. v. Smith,* 24 N. C., 402 (1842), down to the present day, this Court has uniformly held that the granting of a severance when two or more are jointly indicted in the same bill rests in the sound discretion of the trial judge, and from his determination there is no appeal. *S. v. Smith,* 24 N. C., 402; *S. v. Collins,* 70 N. C., 241; *S. v. Underwood,* 77 N. C., 502; *S. v. Gooch,* 94 N. C., 987; *S. v. Oxendine,* 107 N. C., 783; *S. v. Finley,* 118 N. C., 1161; *S. v. Moore,* 120 N. C., 570; *S. v. Barrett,* 142 N. C., 565; *S. v. Carrawan,* 142 N. C., 575; *S. v. Holden,* 153 N. C., 606; *S. v. Millican,* 158 N. C., 617.

There are other cases, among them the very recent case of *S. v. Kirkland and Wilson,* 175 N. C., 771, which was a conviction of a secret assault with a deadly weapon with intent to kill. The defendants contended that much of the evidence in that case was competent against one defendant and not competent against the other, and that, "Although the court charged the jury that much of this was not evidence against Kirkland, or not evidence against Wilson, yet it had its weight with the jury, and the defendants seriously insist that the court should have ordered a severance so that the cases might be tried upon the proper testimony as against each defendant."

"It has been frequently held that a motion for a separate trial of defendants charged in the same bill of indictment is a matter that must necessarily be left to the sound discretion of the trial judge. To undertake to review such rulings is impracticable and would result in great delay in the disposition of criminal actions. It is only when there appears to have been an abuse of such discretion that this Court will entertain such exceptions and review the rulings of the trial judge.

Nothing of that nature appears in this record. *S. v. Dixon,* 78 N. C., 558; *S. v. Parrish,* 104 N. C., 689; *S. v. Hastings,* 86 N. C., 597; *S. v. Haney,* 19 N. C., 390; *S. v. Murphy,* 84 N. C., 742."

In *S. v. Finley,* 118 N. C., 1161, the facts as presented to the court on the motion for a severance are very similar to those in this case. The Court in that case (p. 1173) says: "The defendant alleged that the defenses of each of the accused were in antagonism as the foundation of the motion. An exception was filed, on the ground that the denial of the motion was a gross breach of discretion on the part of the court. Unless the accused suffered some apparent and palpable injustice in the trial below, this Court will not interfere with the decision of the court on the motion for a severance. Although the defenses were in conflict and involved the admission of testimony which was competent as against one of the defendants and not against the other, yet his Honor, with entire certainty and clearness, carefully instructed the jury in the application of the evidence, explaining to them, by a proper analysis of the same, what part of it was competent against both, and what part competent against one and not against the other, and guarding them against being influenced against either of the defendants by such evidence as he had instructed them was only competent against the other one. We therefore refuse to interfere with the ruling of the court below. The matter was in the sound discretion of his Honor, and from what appears, it is certain that there was no abuse of that discretion." *S. v. Oxendine,* 107 N. C., 783; *S. v. Gooch,* 94 N. C., 987.

In this case there are no exceptions to the charge, and therefore we must conclude that the court charged correctly, according to the ruling laid down in *S. v. Oxendine, supra.* Indeed, the prisoner's counsel states his exception that "The trial judge has no power to permit the defendant to be jointly tried for the commission of a single act where there is neither allegation or evidence tending in any way to show concerted action." There is neither precedent nor ground to sustain this proposition which would make every trial a separate one unless there is a charge of conspiracy. This indictment is in the statutory form and charges that "Ashley Southerland and Mabel Howard, on 20 December, 1919, with force and arms, at and in the county aforesaid, willfully, unlawfully, feloniously, and with malice aforethought, did kill and murder Millard L. Parker." Rev., 3245. This was held constitutional, *S. v. Moore,* 104 N. C., 743; *S. v. Brown,* 106 N. C., 645; *S. v. Arnold,* 107 N. C., 861. There is no requirement that in order to try two persons in the same indictment there must be a charge added of conspiracy, and the court cannot make such statute.

The judge is not a mere moderator, and it would detract very much from the efficiency and economy of the administration of justice if he

were unnecessarily hampered with arbitrary rules as to matters which have always been committed to his sound discretion, such as the granting or refusal of continuances and of motions for severance, and the like, of which a learned and impartial trial judge on the spot is the best judge. He is selected for his fitness, and if there should be patent abuse he can be reviewed, which is full protection. There is no indication of such abuse in this case.

This murder occurred in a house of ill fame, where there were several persons present, but the evidence is that shots were fired by both these two persons, and nothing else appearing, it was decidedly to the public interest to investigate the whole transaction in one trial. Two trials would have taken double the expense and time. Cases have occurred where there being a severance, the party acquitted on the first trial has come into court on the trial of the other party, and sworn that he himself was the guilty party.

No error.