STATE v. H. R. SESSOMS.

(Filed 18 February, 1920.)

**Appeal and Error—Courts—Discretion—Evidence.**

> Upon trial for selling intoxicating liquors in violation of our statute, after the defendant and his witnesses had testified in his behalf and in rebuttal, a State's witness testified that he was present and had seen the sale charged. The defendant offered himself and his witness to contradict this witness, and the Court refused, stating in the presence of the jury that the defendant and his witnesses had already testified as to this fact. *Held*, the refusal of the judge was a matter within his discretion in the conduct of the trial, and there being no evidence of its abuse, it was not reviewable on appeal.

INDICTMENT for selling liquor, tried before *Lyon, J.*, at November Term, 1919, of TYRRELL.

The defendant was convicted, and appealed to the Supreme Court.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Meekins & McMullan and J. E. Alexander for defendant.*

BROWN, J. The defendant was convicted under a bill charging the sale of spirituous liquor to one Anthony Spruill, with a count for having them in his possession for purposes of sale. Anthony Spruill testified that the defendant sold him a pint of intoxicating liquor, for which he paid him $2.50. This was denied by the defendant, who was examined as a witness in his own behalf. In rebuttal, one William Marriner testified for the State that he went with Anthony Spruill to the defendant's house, and also bought from the defendant at the time a pint of liquor, and paid him $2.50. The State closed.

The defendant then offered himself as a witness, and other witnesses, for the purpose of showing that William Marriner did not come to his house with Anthony Spruill, and that he sold Marriner no liquor that night. His Honor stated, in the presence of the jury, that the defendant and each of his witnesses, in their examination, had been specifically asked to name each of those present at the house, and they had done so, and they had denied that William Marriner was there, or that he had gotten any liquor, and that there was, therefore, no need for them to return to the stand to again deny it, and in the exercise of his discretion declined to permit them to again go on the stand. To this ruling by his Honor defendant excepted.

This is the only exception in the record. It appears that counsel for the defendant, in arguing the case to the jury, referred to the fact that

the testimony of William Marriner had been denied by the defendant and his wife, and each of his witnesses who had testified that he was not there that night, and of course if he was not there he could not have bought any liquor, and so argued to the jury.

The mode of conducting the trial is in the discretion of the trial judge, and the exercise of discretion is not reviewable unless it appears that there has been an abuse of the discretion, in such way as to be prejudicial to the defendant. *S. v. Cobb,* 164 N. C., 422; *S. v. Moore,* 104 N. C., 743; *S. v. Hodge,* 142 N. C., 676; 16 Corpus Juris, 806; *S. v. Sutherland,* 100 S. E., 187.

We see no evidence of an abuse of discretion, as the court stated to the jury practically that the defendant and his witness had denied that William Marriner was at the house, or that he had gotten any liquor from the defendant. In addition, counsel for the defendant argued this to the jury. The matter of allowing the defendant and his witness to be recalled was in the sound discretion of the judge, and we see no abuse of such discretion.

No error.