On 10 March, 1931, the Corporation Commission, acting through the chief State bank examiner, took possession of the Bank of Whiteville, a banking institution in Columbus County, for the purpose of liquidating it under authority of C. S., 218 (c)
Thereafter, on 14 September, 1931, the Commissioner of Banks, who succeeded to the powers of the Corporation Commission, gave notice to all creditors, depositors and stockholders of the Bank of Whiteville that on 26 September, 1931, or as soon thereafter as counsel could be heard, he would apply to the resident judge of the district for an order authorizing and directing the Commissioner of Banks to sell and transfer certain receivables, the property of the Bank of Whiteville, at private sale, it appearing to the Commissioner that such would be to the interest of all concerned.
The resident judge not being able to hear the matter at the time set transferred the same to be heard by the judge presiding in the district at Wilmington. *Page 252 
The appellants, depositors in the Bank of Whiteville, appeared before the presiding judge of the district at the time set and asked for additional time within which to prepare their defense to the petition. The court declined to postpone the hearing; whereupon the matter was heard and the petition allowed, the court finding that such action would increase the dividends to the depositors by at least 20 per cent.
The respondents appeal, assigning as error the order of the judge refusing to give them additional time within which to prepare their case.
The granting or refusing a continuance, which involves no question of law or legal inference, is not subject to review on appeal. C. S., 560;Dupree v. Insurance Co., 92 N.C. 418. Hence following the course pursued in Goodman v. Goodman, 201 N.C. 808, 161 S.E. 686, and Bird v.Bradburn, 131 N.C. 488, 42 S.E. 936, the appeal will be dismissed.
Furthermore, as the record contains no statement of case on appeal, we are limited to a consideration of the judgment, the appeal itself being regarded as an exception thereto. Casualty Co. v. Green, 200 N.C. 535,157 S.E. 797. No reason appears on the face of the record proper for disturbing the judgment.
Appeal dismissed.