STATE v. NORD DONNELL AND LEROY LEE.

(Filed 15 June, 1932.)

1. **Criminal Law I f: L e—Motion for severance is addressed to discretion of court and refusal of motion is not reviewable in absence of abuse.**

   Where two defendants are indicted jointly, a motion for severance for trial may be made, but the motion is addressed to the sound discretion of the trial court, and where no abuse of discretion appears on the record an exception to his refusal of the motion will not be sustained.

2. **Criminal Law C a: L e—Parties present and aiding and abetting commission of felony are guilty as principals.**

   Where there is evidence that the two defendants charged with murder were present at the time of the commission of the crime and aided and abetted each other therein, an instruction that it was immaterial that the

indictment failed to charge conspiracy, but that if the jury should find beyond a reasonable doubt that prior to the time of the killing of the deceased the defendants entered into a conspiracy to rob him, and killed him while attempting to effectuate their unlawful purpose, that the defendants would be guilty, will not be held for reversible error, the defendants upon the evidence being equally guilty as principals without regard to the presence or absence of a conspiracy.

3. **Homicide H c: Criminal Law I l—Failure to submit issue of murder in the second degree held not error in this case.**

Where all the evidence for the State tends to show that the defendants killed the deceased while attempting to rob him, the crime is murder in the first degree, C. S., 4200, and the failure of the trial court to submit the issue of guilt of murder in the second degree is not error.

4. **Indictment C d—Difference in name in indictment and judgment held immaterial under doctrine of idem sonans.**

Where the indictment charges the defendants with the murder of one R. B. "Andrews" and the judgment recites that they were convicted of the murder of one R. B. "Andrew," the names are patently *idem sonans* and the difference will not be held material.

APPEAL by Leroy Lee from *Shaw, Emergency Judge,* at December Term, 1931, of GUILFORD.

Criminal prosecution tried upon a joint bill of indictment charging Nord Donnell and Leroy Lee with the murder of one R. B. Andrews.

From an adverse verdict, and sentence of death entered thereon, the prisoner, Leroy Lee, appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Hines & Boren and George H. Mitchell for defendant, Leroy Lee.*

STACY, C. J. The record recites there was evidence tending to show that during the evening of 25 November, 1931, Nord Donnell and Leroy Lee, riding in the latter's car, went to the store of R. B. Andrews, a merchant at Sedalia, Guilford County, and one or the other shot and killed the said Andrews. It is admitted that both Donnell and Lee were present at the time of the homicide, and each testified the other did the shooting. Donnell said the murder was the result of a hold-up scheme. He confessed his part in the crime and has not appealed. *S. v. Whitehurst, ante,* 631. Lee testified there was no conspiracy or intention on his part to rob the deceased, and that Donnell alone was responsible for the killing. They both left immediately after the shooting, in Lee's car, and were arrested a day or two later. As we understand the record, though its preparation is somewhat unsatisfactory, a robbery was being perpetrated or attempted at the time of the shooting.

The prisoner's first exception is to the refusal of the court to grant his motion for a severance or separate trial. It was the rule at common law, which still obtains with us, that, when two or more persons are indicted jointly, a motion for severance may be made on the face of the bill (*S. v. Deaton,* 92 N. C., 788), but the granting or refusing of the motion is a matter which rests in the sound discretion of the trial court. *S. v. Southerland,* 178 N. C., 676, 100 S. E., 187; *S. v. Holder,* 153 N. C., 606, 69 S. E., 66; *S. v. Carrawan,* 142 N. C., 575, 54 S. E., 1002; *S. v. Barrett,* 142 N. C., 565, 54 S. E., 856; *S. v. Smith,* 24 N. C., 402. No abuse of discretion appears on the present record. The defendants were partners in crime and they have been tried together as his Honor thought was but meet. Note, 70 A. L. R., 1171; 16·C. J., 786. The exception is not sustained.

The following excerpt from the charge forms the basis of the prisoner's next exception or second assignment of error:

"Now there is no conspiracy expressly set out in the bill, and it is not necessary that it should have been alleged in the bill, but if the State has satisfied you beyond a reasonable doubt from the evidence that the two defendants Donnell and Lee, prior to the time of the alleged killing of R. B. Andrew, entered into a conspiracy to rob him, and pursuant to that conspiracy so entered into, and while in an attempt to carry out the unlawful purpose, to wit, the robbery of Mr. Andrew, one of them shot and killed him, the court instructs you, gentlemen of the jury, that both defendants would under those circumstances be guilty of murder in the first degree."

This instruction is free from reversible error. *S. v. Holder, supra.* Without regard to the existence or absence of a conspiracy, it is a settled principle of law, apparently applicable to the facts of the instant case, that where two persons aid and abet each other in the commission of a crime, both being present, both are principals and equally guilty. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Hart,* 186 N. C., 582, 120 S. E., 345; *S. v. Jarrell,* 141 N. C., 722, 53 S. E., 127.

The third exception, and the one on which the defendant places his greatest reliance, is the failure of the court to submit to the jury the issue of murder in the second degree, under the principle that every view of the case, arising on the evidence, must be submitted to the jury. *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187. That while it is conceded an unlawful killing with a deadly weapon raises a presumption of malice, sufficient to warrant a verdict of murder in the second degree, nothing else appearing, still it raises no greater presumption; and the defendant says the jury should have been told that unless the prosecution had fully satisfied them of a premeditated murder, executed in a

cool state of the blood, a verdict of murder in the second degree would be in order. *S. v. Benson,* 183 N. C., 795, 111 S. E., 869. The record is not altogether clear, but as we understand it, a robbery was being perpetrated or attempted at the time of the killing. This made the homicide murder in the first degree. *S. v. Logan,* 161 N. C., 235, 76 S. E., 1. It is provided by C. S., 4200 that a murder committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or other felony, shall be deemed to be murder in the first degree. *S. v. Sterling,* 200 N. C., 18, 156 S. E., 96.

Speaking to the question in *S. v. Spivey,* 151 N. C., 676, 65 S. E., 995, *Manning, J.,* delivering the opinion of the Court, said: "Where the evidence tends to prove that a murder was done, and that it was done by means of poison, lying in wait, imprisonment, starving, torture, or which has been committed in perpetration or attempt to perpetrate any arson, rape, robbery, burglary or other felony, and where there is no evidence and where no inference can fairly be deduced from the evidence of or tending to prove a murder in the second degree or manslaughter, the trial judge should instruct the jury that it is their duty to render a verdict of 'guilty of murder in the first degree,' if they are satisfied beyond a reasonable doubt, or of 'not guilty.' If, however, there is any evidence or if any inference can be fairly deduced therefrom, tending to show one of the lower grades of murder, it is then the duty of the trial judge, under appropriate instructions, to submit that view to the jury. It becomes the duty of the trial judge to determine, in the first instance, if there is any evidence or if any inference can be fairly deduced therefrom, tending to prove one of the lower grades of murder." See, also, *S. v. Miller,* 197 N. C., 445, 149 S. E., 590.

It is observed that the defendants are charged in the indictment with the murder of one R. B. "Andrews," while the judgment recites they were convicted of murdering one R. B. "Andrew" as charged in the bill of indictment. The names are patently *idem sonans,* and the slight difference, evidently a typographical error either in the one or the other, is not regarded as material. *S. v. Drakeford,* 162 N. C., 667, 78 S. E., 308; *S. v. Collins,* 115 N. C., 716, 20 S. E., 452; *S. v. Lane,* 80 N. C., 407.

The remaining exceptions are equally untenable, and the case is free from reversible error. The verdict and judgment will be upheld.

No error.