## STATE v. DON EVANS.

### (Filed 7 April, 1937.)

**Abortion § 7—Held: There was no prejudicial error in the admission or exclusion of evidence in this prosecution for abortion.**

In a prosecution for violating C. S., 4226 and 4227, the admission of evidence offered by the State relative to the taking of an anæsthetic by deceased at the time of taking the medicine which the evidence tended to show defendant had procured for her with unlawful intent, is immaterial and not prejudicial to defendant, and the exclusion of his evidence that at the time deceased was suffering with a disease which facilitated the abortion is not error, such evidence being irrelevant to the issue.

APPEAL by defendant from *Sinclair, J.,* at August Term, 1936, of PITT. No error.

This is a criminal action in which defendant was tried on an indictment in which he was charged in the first count with a violation of C. S., 4226, in the second count with the violation of C. S., 4227, and in the third count with manslaughter.

When the action was called for trial, the solicitor for the State announced to the court that he would not prosecute the defendant on the third count in the indictment.

There was a verdict that the defendant is guilty on both the first and second counts in the indictment.

From judgment that he be confined in the State's Prison for a term of not less than three or more than five years, the defendant appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*Albion Dunn for defendant.*

CONNOR, J. The evidence at the trial of this action was sufficient to support the verdict that the defendant is guilty on both the first and second counts in the indictment. The evidence was properly submitted to the jury as sufficient to show that on or about 7 August, 1936, in Pitt County, North Carolina, the defendant willfully, unlawfully, and feloniously advised or procured the young woman named in the indictment, who was then pregnant or quick with child, to take medicine with intent thereby to destroy the child, and also with intent thereby to procure a miscarriage. C. S., 4226, and C. S., 4227. The defendant did not contend to the contrary at the trial. Nor does he so contend on this appeal to this Court. He did not move at the close of all the evidence at the trial that the action be dismissed. C. S., 4643.

The defendant's contentions on his appeal to this Court that there was error in the admission by the court of evidence offered by the State at the trial, and in the exclusion of evidence offered by him, cannot be sustained.

The admission of evidence offered by the State, over the objection of the defendant and subject to his exception had little, if any, probative value with respect to the issue involved in the trial. It was immaterial whether or not the deceased took an anæsthetic at the time the abortion was committed. All the evidence showed that she took medicine with intent to produce an abortion, and that the defendant was with her both before and after she took the medicine, and knew her purpose in taking the medicine. The evidence was sufficient to support an inference by the jury that the defendant advised or procured the deceased to take the medicine with an unlawful intent.

Evidence offered by the defendant tending to show that the deceased was suffering from a disease which facilitated the abortion was not relevant to the issue involving the defendant's guilt as charged in the indictment. There was no error in the exclusion of such evidence, upon objection by the State.

The defendant's contentions that there were errors in the charge of the court to the jury cannot be sustained. The charge appears in the record. The judge fully complied with the mandatory provisions of the statute. C. S., 564. *S. v. Graham,* 194 N. C., 459, 140 S. E., 26.

The judgment is affirmed.

No error.