## STATE v. WILL LOGAN.

(Filed 30 October, 1912.)

**1. Murder—Instructions—"Deliberation or Premeditation"—Charge Construed as a Whole—Appeal and Error.**

Upon a trial for murder, a charge of the court, under pertinent evidence, to find the prisoner guilty of murder in the first degree, if the jury were satisfied beyond a reasonable doubt that the prisoner fired the fatal shot with "premeditation or deliberation" is not held for error because of the use of the disjunctive "or" for the conjunctive "and," it appearing that the use of that word was an inadvertence; and it further appearing from the charge, construed as a whole, that the court charged that the shooting should have been done with "deliberation and premeditation" in order to convict him.

**2. Same—Interpretation of Statutes—Harmless Error.**

Under our statute, Revisal, sec. 3631, a murder committed in the perpetration of a robbery, which the evidence in this case

discloses, is murder in the first degree, and an instruction in such instances which uses the disjunctive "or" for the conjunctive "and," as, if the jury should be satisfied beyond a reasonable doubt that the prisoner killed the deceased with "premeditation or deliberation," to find him guilty of murder in the first degree, is immaterial, and is not held for reversible error.

APPEAL by defendant from *Whedbee, J.,* at January Term, 1912, of ANSON.

Indictment for murder. The prisoner was convicted of murder in the first degree of one Fred Hendrixson, and from the sentence of death appeals.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*Lockhart & Dunlap for defendant.*

BROWN, J. The record presents four assignments of error, three relating to the evidence and one to the charge of the court. After giving each of them the consideration which the importance of this case demands, we conclude that they are without merit, and cannot be sustained.

We deem it necessary to discuss only the assignment relating to the following charge, viz.: "If you find that the defendant fired the fatal shot, then you inquire as to whether or not it was done with premeditation or deliberation, as I have defined to you; and if you are satisfied of the fact beyond a reasonable doubt, then you would return a verdict of murder in the first degree."

It is clear that the use of the disjunctive "or" instead of the conjunctive "and" was an inadvertence upon the part of the able judge who presided at this trial. *S. v. Teachey,* 138 N. C., 589. But we are of opinion, upon examination of the entire charge, that the jury could not have been misled by it.

His Honor corrected the error completely in the closing words of the charge. After instructing the jury carefully and correctly as to reasonable doubt, he said: "If you find he did shoot him, then ask yourself the question, Does this evidence satisfy you it was done with premeditation *and* deliberation, or does it satisfy you beyond a reasonable doubt that it was done in attempt to

perpetrate or in perpetration of a robbery? If so, you will return a verdict of guilty of murder in the first degree."

Had his Honor failed to correct the error, we would not regard it as material in this particular case.

The statute, Revisal, 3631, declares a murder committed in the perpetration of, or in the attempt to perpetrate a robbery, to be murder in the first degree.

His Honor might well have omitted from his charge all reference to "premeditation and deliberation," for the *entire evidence* in this record shows that the prisoner slew the deceased while perpetrating a robbery upon his person. All the evidence was introduced by the State, the defendant offering none. To illustrate the circumstances attending the homicide, we quote a part of the evidence. Edward Klobe testified:

"I came out and told Charley that I had been robbed. Will was then at his feet. After Charley and Logan came, Logan put his pistol at his breast and said, 'Give me your money!' He said in English, 'Look out money.' After Logan had his hands up and searched him and got $1.50. After he finished with him, he started to go through his pockets again. After he finished Normy, he began with Hendrixson, and Hendrixson said he had no money in his pockets. While he was trying to hold up Hendrixson, Klobe started out of the door and Hendrixson put his hands on Klobe's shoulders and Logan took hold of Hendrixson with one hand and held the pistol in the other. As soon as he got out of the door, Hendrixson let go of Klobe and Klobe ran a short distance, and the first shot was fired, and Hendrixson called for the boys to come back and help him. When Hendrixson called for help, they were in the road, and then the second shot was fired and Klobe ran to the deceased and said he was dead, and Normy ran to him and said he was dead."

The witnesss Charles Normy testified: "When they came in the tent, Will Logan began to go through Klobe; then he started to search me, and then he went and searched deceased; Logan had pistol in his hand and searched pocket. When he started to 'search Hendrixson, Klobe went out and Hendrixson put his hand on Klobe's shoulders. Will Logan caught deceased in col-

lar and had pistol in other hand; when they got just outside of tent Will Logan fired the first shot; they were in arm's length, Klobe was behind. Logan said nothing. The deceased was trying to get loose from him. Deceased hollered, 'Come, help me!' and the second shot came and Hendrixson fell. Will Logan fired the second shot. When it fired, Logan and Hendrixson were 15 or 20 feet apart."

In any view of the evidence, if it is to be believed, the prisoner shot and slew the deceased in an endeavor to rob him, and that constitutes murder in the first degree.

No error.