## STATE v. JOHN GRAY.

(Filed 24 November, 1926.)

**Criminal Law—Evidence—Declarations—Voluntary Confessions—Arrest —Presence of Officers—Appeal and Error.**

The written admissions of a prisoner of his guilt in committing the murder for which he was on trial, are not rendered involuntary because they were made in the presence of officers of the law merely, and their admission on the trial under such circumstances is not erroneous.

APPEAL by defendant from *Schenck, J.,* at March Term, 1926, of STANLY.

Criminal prosecution tried upon an indictment charging the prisoner with a capital felony, to wit, murder in the first degree.

From an adverse verdict and sentence of death entered thereon, the prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*W. L. Mann for defendant.*

STACY, C. J. There is evidence on behalf of the State tending to show that Dad Watkins, late of Stanly County, had been missing about sixty days when, on the night of 31 October, 1925, an old barn, standing about a mile or mile and a half north of Albemarle, was burned, and in the ruins was found the charred body of the deceased, badly mutilated. It is the contention of the State that the defendant slew the deceased in an effort to rob him, and after cutting off his hands and feet and head, placed his torso in the old barn, and set fire to the building in an effort to destroy all evidence of the crime. The identification of the body, the *corpus delicti,* was submitted to the jury for determination. An adverse verdict has been rendered against the prisoner.

The appeal presents but a single question, to wit, the competency or incompetency of two alleged confessions made by the prisoner on 18 and 27 March, 1926, respectively. Both statements are in writing. They are signed by the prisoner. In practical effect they amount to a confession of guilt, though somewhat contradictory in several immaterial respects.

To the introduction of these statements, the accused, through his counsel, objected, on the ground that said confessions were not given voluntarily; that they were obtained from him by an officer while he was in custody and surrounded by other officers, hence, he contends, being under duress at the time said statements were made, they are not admissible as evidence against him.

The only compulsion alleged was the presence of the officers and the fact that the prisoner was in custody at the time. After a preliminary investigation, his Honor held that the confessions were given voluntarily, and permitted the solicitor to offer them in evidence against the prisoner. This ruling is supported by the evidence. *S. v. Whitener,* 191 N. C., 659, and cases there cited. We are not aware of any decision which holds a confession, otherwise voluntary, inadmissible because of the number of officers present at the time it was made. Nor has the diligence of counsel discovered any. *Ziang Sung Wan v. United States,* 266 U. S., 1, 69 L. Ed., 131.

A careful perusal of the record reveals no error committed on the trial.

The learned counsel appointed by the court to represent the prisoner has brought up his appeal, without money and without price, to the end that the accused may not suffer death except as the law commands. Such a duty comes to every lawyer now and then. It is to the credit of a great profession and to the administration of justice that no citizen, however poor, is denied the benefit of counsel in our courts. This much is said because it is but just that such gratuitous services should be counted for righteousness to those who render them cheerfully.

The verdict and judgment must be upheld.

No error.