STATE v. MIKE STEFANOFF and R. E. BLACK.

(Filed 2 May, 1934.)

**1. Criminal Law G 1—**

A confession otherwise voluntary is not rendered involuntary and therefore incompetent merely by the fact that at the time the one making the confession was under arrest.

**2. Same—**

The competency of a confession is a matter for the court.

**3. Criminal Law G i—Nonexpert witness may testify from observations as to sanity or insanity of defendant.**

A nonexpert witness is competent to testify from his observation of defendant, when he had reasonable opportunity to form an opinion based thereon, as to the sanity or insanity of defendant, and defendant's objections that such nonexpert testimony was admitted against him cannot be sustained.

**4. Homicide B a—**

Where defendants conspire to rob a certain place, and a murder is committed by one or more of them in the attempt to perpetrate the robbery, each of them is guilty of murder in the first degree. C. S., 4200.

APPEAL by defendants from *Finley, J.,* at September Term, 1933, of ALEXANDER.

Criminal prosecution tried upon indictment charging the defendants, Mike Stefanoff and R. E. Black, and two others, in one count, with conspiracy to rob the Merchants and Farmers Bank of Taylorsville, and, in a second count, with the murder of T. C. Barnes committed in the attempted perpetration of said robbery.

Verdict as to the two defendants on trial: Guilty of murder in the first degree (as shown by return to writ of *certiorari*).

Judgment as to each defendant on trial: Death by electrocution.

The prisoners appeal, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Trivette & Holshouser, J. F. Jordan and F. J. McDuffie for defendants.*

STACY, C. J. The record discloses that on Thursday, 27 July, 1933, the defendants, Mike Stefanoff and R. E. Black, and two others not yet taken, planned to rob the Merchants and Farmers Bank of Taylorsville. The conspiracy took place at the home of Mike Stefanoff in North Wilkesboro. The four conspirators drove to Taylorsville the next day, Friday, in a Chevrolet sedan, looked over the situation, but presently desisted from their purpose upon seeing a number of policemen on the street. They returned again the following morning, Saturday, in the same automobile, and entered the bank, not together but one at a time, so as to give the appearance that they were strangers. Stefanoff asked the cashier, T. C. Barnes, to change a quarter, and as the latter turned to get the change, two of the bandits presented their guns, and, in the melee and firing which ensued, they shot the cashier to death.

Both of the defendants, after apprehension and incarceration, confessed their part in the attempted robbery and homicide. The admission of these confessions, made, as they were, while the defendants were under arrest, forms the basis of a number of exceptions. It is elementary that a voluntary confession is admissible in evidence against the one making it; an involuntary confession is not. A confession is voluntary in law when—and only when—it was in fact voluntarily made. *S. v. Jones,* 203 N. C., 374, 166 S. E., 163.

Where there is no duress, threat or inducement, and the court found there was none here, the fact that the defendants were under arrest at the time the confessions were made, does not *ipso facto* render them incompetent. *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187; *S. v. Drakeford,* 162 N. C., 667, 78 S. E., 308. "We are not aware of any decision which holds a confession, otherwise voluntary, inadmissible because of the number of officers present at the time it was made. Nor has the diligence of counsel discovered any." *S. v. Gray,* 192 N. C., 594, 135 S. E., 535.

The competency of the confessions was a matter for the judge. *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603. He ruled them admissible. No error in this respect has been made to appear on the record.

The defendant, Mike Stefanoff, interposed the further defense of mental irresponsibility or insanity. *S. v. Keaton,* 205 N. C., 607. He offered evidence tending to show that he is suffering from *dementia præcox,* but the jury found against him on this plea. *S. v. Jones, supra.* His objections that nonexperts were allowed to express opinions upon

his sanity, or ability to know the difference between right and wrong, are not well founded. *S. v. Keaton, supra; S. v. Jones, supra; S. v. Houser,* 202 N. C., 738, 164 S. E., 114. Anyone who has observed another, or conversed with him, or had dealings with him, and a reasonable opportunity, based thereon, of forming an opinion, satisfactory to himself, relative to the mental condition of such person, is permitted to give his opinion in evidence upon the issue of mental capacity, though the witness be not a psychiatrist or expert in mental diseases. *S. v. Keaton, supra.* "One not an expert may give an opinion, founded upon observation, that a certain person is sane or insane." *Whitaker v. Hamilton,* 126 N. C., 465, 35 S. E., 815.

The case was tried upon the theory that if a conspiracy were formed to rob the bank, and a murder committed by any one or more of the conspirators in the attempted perpetration of the robbery, each and all of them would be guilty of the murder. This is a correct principle of law. *S. v. Bell,* 205 N. C., 225, 171 S. E., 50. It is provided by C. S., 4200 that a murder "which shall be committed in the perpetration or attempt to perpetrate any . . . robbery, burglary or other felony, shall be deemed to be murder in the first degree." *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352; *S. v. Miller,* 197 N. C., 445, 149 S. E., 590; *S. v. Logan,* 161 N. C., 235, 76 S. E., 1. There was no evidence of a lesser degree of homicide. *S. v. Spivey,* 151 N. C., 676, 65 S. E., 995.

A searching investigation of the record leaves us with the impression that it is free from reversible error. The verdict and judgment will be upheld.

No error.