STATE v. MANN SMITH, ALIAS HIAWATHA SMITH.

(Filed 23 March, 1938.)

**1. Rape § 8—**

Evidence that the crime of rape was committed upon the person of the prosecutrix and that defendant was the perpetrator of the crime *held* sufficient to be submitted to the jury.

**2. Criminal Law § 33—Evidence held to support findings that confessions were voluntarily made.**

In this prosecution of defendant for rape, the evidence disclosed that after his arrest when officers confronted defendant with a coat as described by prosecutrix as worn by her assailant, defendant stated he was the man and had assaulted prosecutrix twice, and that when he was taken to the home of prosecutrix and saw her he spontaneously declared: "That's the girl." There was no evidence that the officers having defendant in charge, or any other person, made any threats, offered any inducements, or held out any reward for a statement from him. *Held:* The evidence sustains the finding of the trial court that the confessions were voluntary and competent, the mere presence of officers being insufficient to affect their competency, and if defendant was suffering with fear at the time, there was no evidence that the fear was engendered by word or act of any person other than defendant.

**3. Same—**

In ruling upon the competency of testimony of alleged confessions, the trial court is required to find, and may properly find, only whether the alleged confession was voluntarily made, and it is not error for the court to refuse to find further facts.

**4. Same—**

Defendant is entitled to testify and offer witnesses in rebuttal upon the question of the voluntariness of his alleged confessions, but the court is not required to call upon him to offer testimony, and when he fails to do so he has no cause for complaint.

**5. Clerks of Court § 7—**

Juvenile courts have no jurisdiction to try boys fifteen years of age charged with a capital felony, the jurisdiction of the Superior Court over such prosecutions not having been taken away by the juvenile court act.

**6. Criminal Law § 61c—Court is not required to sentence fifteen-year-old boy, convicted of capital crime, to reformatory.**

It would seem that the Legislature did not intend that a fifteen-year-old boy, convicted of a capital crime, should be sentenced to a reformatory, C. S., 7322, 5912 D, but if the statutes be construed to permit such sentence, the power of the court to impose such sentence is made permissive and not compulsory, and sentence of death upon a conviction of a fifteen-year-old boy of the crime of rape is without error.

**7. Criminal Law § 4—**

The presumption is that a boy fifteen years of age is capable of committing the crime of rape.

**8. Criminal Law § 81a—**

The jurisdiction of the Supreme Court on appeal is limited to matters of law and legal inference, and whether the youth of a defendant constitutes a mitigating circumstance justifying a relaxation of the prescribed punishment is a matter addressed to the discretionary power of the Governor.

APPEAL by defendant from *Alley, J.,* at September Term, 1937, of McDOWELL. No error.

This is a criminal prosecution under a bill of indictment charging the defendant with the commission of the capital felony of rape. The prosecutrix, a girl 13 years of age, was on her way home from school on 31 March, 1937. When she walked she took a shortcut by way of a path leading through woods. This path turned off at Black Bottom and led over the ridge. After she had gone some distance into the woods she saw the defendant standing by the path. There was evidence that he had seen her coming and had gone to this point to wait for her. When she got within a few steps of him the defendant told her to stop, and asked her if she wanted him to shoot her. He had his hands in his pocket; he then took her off the path in the woods and assaulted her, and later took her further in the woods and again assaulted her, detaining the prosecutrix altogether about two and one-half hours. There was a verdict of "guilty of rape as charged in the bill of indictment." From judgment of death by asphyxiation pronounced thereon the defendant appealed.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Willis for the State.*

*W. R. Chambers, Wm. C. Chambers, and Edward H. McMahan for defendant, appellant.*

BARNHILL, J. The defendant offered no evidence, but rested his defense upon the contentions that: (1) He did not commit the crime; (2) the alleged confessions made by him were incompetent, and (3) that his age precluded his being sentenced to death.

To detail the evidence herein to any considerable extent would serve no good purpose. It is sufficient to say that there was ample evidence offered tending to show that the crime of rape was committed upon the person of the prosecutrix and to identify the defendant as the perpetrator of the crime. The prosecutrix testified to facts sufficient to constitute the offense, and she was corroborated by the doctor who examined her, and others. The testimony was sufficient to be submitted to the jury for it to determine whether the threats made by the defendant and the circumstances surrounding the assault were sufficient to, and did, put the prosecutrix in fear and overcome her power of resistance. The prosecutrix likewise identified the defendant on the night following the assault in the afternoon. When the defendant was carried into the presence of the prosecutrix, immediately upon seeing her, he said: "That's the girl." The evidence shows that this statement was spontaneous and was provoked only by the sight of the girl. The statements of the defendant offered as evidence of confessions likewise tend to prove both the commission of the offense and the identity of the perpetrator.

But the defendant stressfully challenges the competency of the evidence of statements made by the defendant by way of confession, and likewise challenges the admission of this evidence, for that the court did not find the facts. Counsel for the defendant insists that at the time the alleged statements were made by the defendant he was suffering from abject fear. Even so, there is no evidence that the officers having him in charge, or any other person, made any threats against him, offered him any inducement, or held out any hope of reward in exchange for a statement from him. The mere presence of a number of officers at the time the statements were made is not sufficient to affect the competency of the evidence.

The prosecutrix had described the defendant and the clothes that he was wearing at the time of the assault. When he was arrested he did not have on the coat described. When the officers found the coat at his mother's and showed it to him he said that he was the man and that he assaulted the prosecutrix twice. And then, as stated, when he was taken to the home of the prosecutrix he spontaneously said: "That's the girl."

When the State offered the evidence of statements made by the defendant the defendant objected and asked permission to cross-examine the witness regarding the voluntariness of the statement. After some considerable cross-examination the defendant requested the court to find the facts regarding the alleged confession and to hold that any evidence

regarding the same is incompetent. Thereupon the court asked the witness certain questions as to whether he made any promise, held out any hope or did anything to put the defendant in fear, or to induce him to make the statement. The court made the following entry: "I hold, under the present evidence, that what he said was voluntary." The defendant excepted to the refusal of the court to find the facts regarding the alleged confession, as requested. The only finding the court was permitted to make was made. In ruling upon the competency of this evidence the law required the court to make the preliminary finding, before admitting the evidence, that the statements were voluntary. A determination of the facts other than this is for the jury. It was not the duty of the court to find further facts. For the court to find facts other than that the statement was voluntarily made might be highly prejudicial to a defendant. The court below went as far in this respect as the law permits, and there was no error in the refusal to find further facts. Likewise, there was no error in the admission of the testimony to which exception was entered.

The defendant contends here that he had the right to testify and offer witnesses in the absence of the jury in rebuttal concerning the circumstances under which the alleged confession was procured from him. This is true if he asserts or requests the right at the time. However, when his counsel had completed his cross-examination of the witness in respect to the circumstances under which the confession was made he did not tender any witnesses in rebuttal, but elected to request the court at that time to find the facts. It was not the duty of the court to call upon the defendant to offer evidence. It ruled upon the competency of the testimony when called upon to do so by the defendant. This gives the defendant no cause for complaint.

But the defendant further contends that even if it be conceded that he was justly convicted in a trial free from error the court was without power to impose the sentence of death. He contends that it was the duty of the court to commit him to a reformatory.

The juvenile courts created by the Legislature are without jurisdiction to try boys fifteen years of age charged with a capital felony. *S. v. Burnett,* 179 N. C., 735. The jurisdiction of such offenses was not taken from the Superior Court by the passage of the juvenile court act. C. S., 7322, which is sec. 10, ch. 509, P. L. 1907, creating the Stonewall Jackson Manual Training and Industrial School, relied on by the defendant, by its terms did not impose upon the judge below the duty to sentence this defendant to a reformatory. We cannot conceive that the Legislature, by the terms of this act, intended to require or permit the commitment of persons convicted of capital felonies to a reformatory. Even if this be conceded it would not avail the defendant. The statute pro-

vides that: "The judges of the Superior Court . . . shall have authority, and it shall be their duty, to sentence to the school all persons under the age of sixteen years, convicted in any court of this State of any violation of the criminal laws: *Provided,* that such judge or other of said officers, shall be of the opinion that it would be best for such person and the community in which he may be convicted, that he should be so sentenced." It does not appear in this record that the court below was of the opinion that it would be best for the defendant and the community that he be sentenced to a reformatory. Nor does it appear that he was requested to make such finding. In the act creating the Morrison Training School for Negro Boys, the language providing for commitment of boys under the age of sixteen years is permissive and not compulsory. C. S., 5912-D.

The age at which, and the circumstances under which, a child or youth becomes liable to criminal prosecution and subject to punishment for crime has been discussed in a number of cases in this Court. *S. v. Pugh,* 52 N. C., 61; *S. v. Sam,* 60 N. C., 293; *S. v. Yeargan,* 117 N. C., 706; *S. v. Hicks,* 125 N. C., 636. *S. v. Yeargan, supra,* is treated as one of the leading American cases on the subject. It is reported in 36 L. R. A., 196, accompanied by an exhaustive and elaborate note on the English and American cases relating to the question. In this case *Faircloth, C. J.,* states the rule which prevails in this jurisdiction as follows: "An infant under seven years of age cannot be indicted and punished for any offense, because of the irrebuttable presumption that he is *doli incapax.* After 14 years of age he is equally liable to be punished for crime as one of full age. His innocence cannot be presumed. Between 7 and 14 years of age an infant is presumed to be innocent and incapable of committing crime, but that presumption in certain cases may be rebutted, if it appears to the court and jury that he is capable of discerning between good and evil, and in such cases he may be punished. The cases in which such presumption may be rebutted and the accused punished when under 14 years of age are such as an aggravated battery, as in maim, or the use of a deadly weapon, or in numbers amounting to a riot, or a brutal passion, such as unbridled lust, as in an attempt to commit rape, and the like. In such cases if the defendant be found *doli capax,* public justice demands that the majesty of the law be vindicated and the offender punished publicly, although he be under 14 years of age, for malice and wickedness supply the want of age." This defendant was slightly over fifteen years of age, and there is no presumption that he was incapable of committing the crime charged. The presumption is to the contrary.

We conclude that the acts creating the juvenile courts and the several reformatories of the State for boys did not require the court below to

impose any punishment other than that pronounced. If the youth of this defendant constitutes a mitigating circumstance and a just cause for relaxing the prescribed punishment as a matter of public policy in the relation of the State to its youth, it addresses itself to the discretionary power of commutation and parole possessed by the Governor of the State and not to this Court. The jurisdiction of this Court is limited to questions of law and legal inference.

In the trial below we find

No error.