STATE v. ED ALSTON.

(Filed 31 May, 1939.)

**1. Criminal Law § 5b—**

In this prosecution of defendant for murder committed in the perpetration of a robbery, defendant's contention that at the time he was too drunk to premeditate or deliberate or to form a fixed intent to kill or rob *is held* conclusively determined adversely to the defendant by the verdict of the jury upon the evidence.

**2. Homicide § 4d—**

Where murder is committed in the perpetration of a robbery from the person, it is murder in the first degree, C. S., 4200, irrespective of premeditation or deliberation or malice aforethought.

**3. Criminal Law § 33—**

The competency of an alleged confession is for the determination of the court upon the preliminary hearing, and when the State's evidence tends to show that the confession was voluntary and defendant introduces no evidence upon the question, the ruling of the court upon the competent evidence is not reviewable.

**4. Same—**

Where, upon preliminary hearing to determine the competency of an alleged confession, defendant fails and refuses to offer evidence to show that the confession was involuntary, although given ample opportunity to do so, he waives his right and his testimony thereafter given on the trial tending to show the confession involuntary, is too late to be considered upon the question.

**5. Homicide § 30—**

> Where the evidence would justify the court in confining the jury's inquiry to the question of murder in the first degree or acquittal, any error in the charge on the issue of manslaughter would seem to be harmless.

APPEAL by defendant from *Ervin, Jr., Special Judge,* at October Special Term, 1938, of DURHAM.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Janie Wilkerson.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*Sigmund Meyer and C. W. Hall for defendant.*

STACY, C. J. The record discloses that on 23 December, 1937, the defendant struck the deceased over the head with a stick of wood, robbed her, and left her to die, which she did as a result of the blow inflicted by the defendant.

The deceased was a Negro woman 103 years of age. She lived in Durham with two of her grandchildren. The defendant had been living in the house for about two weeks. He knew the deceased carried money on her person. After the grandchildren had gone to work, the defendant went to the room of the deceased, hit her over the head with a stick, and robbed her of $12.00 in currency which she had in a little bag tied to her dress. The defendant then went to the home of his mother, changed his clothes, got a hair cut at a barber shop, and never returned to his room in the house of the deceased. He told the officers that he robbed the deceased and struck her for that purpose, but did not intend to kill her. He further testified that he was too drunk to know what he was doing at the time.

The jury was evidently not impressed with the defendant's plea of irresponsibility. *S. v. Walker,* 193 N. C., 489, 137 S. E., 429; *S. v. English,* 164 N. C., 497, 80 S. E., 72. He showed too much sprightliness in and about the robbery, and thereafter departing, for one who had been drinking to drunkeness. *S. v. Myrick,* 203 N. C., 8, 164 S. E., 328; *S. v. Ross,* 193 N. C., 25, 136 S. E., 193. He knew what he was doing. *S. v. Murphy,* 157 N. C., 614, 72 S. E., 1075.

Moreover, it appears that the murder was committed in the perpetration of a robbery. *S. v. Lane,* 166 N. C., 333, 81 S. E., 620; *S. v.*

*Logan,* 161 N. C., 235, 76 S. E., 1. It is provided by C. S., 4200 that a murder "which shall be committed in the perpetration or attempt to perpetrate any . . . robbery . . . or other felony, shall be deemed to be murder in the first degree." *S. v. Gosnell,* 208 N. C., 401, 181 S. E., 323; *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352; *S. v. Miller,* 197 N. C., 445, 149 S. E., 590. The question of premeditation and deliberation or the defendant's malice aforethought in murdering the deceased, therefore, was not perforce material to the inquiry. *S. v. Logan, supra.* The defendant slew the deceased while perpetrating a robbery from her person. This is pronounced by the statute as murder in the first degree. *S. v. Stefanoff,* 206 N. C., 443, 174 S. E., 411. *S. v. Myers,* 202 N. C., 351, 162 S. E., 764; *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352.

The defendant's principal exception, or the one chiefly urged on argument and in brief, relates to the admission in evidence of an alleged confession or statements made by the defendant to the officers while in their custody. *S. v. Exum,* 213 N. C., 16, 195 S. E., 7; *S. v. Gray,* 192 N. C., 594, 135 S. E., 555. The voluntariness of the confession was the subject of a preliminary inquiry in the absence of the jury. After hearing the State's witnesses, who fully supported the solicitor's contention, the court inquired of the defendant whether he wished to be heard on the competency of the alleged confession. *S. v. Smith,* 213 N. C., 299, 195 S. E., 819. "Whereupon counsel for defendant stated to the court that they did not desire to offer testimony upon the preliminary question before the court as to whether or not said statements were free and voluntary or otherwise." (R., p. 30.) The court thereupon adjudged the statements to be admissible in evidence. The defendant noted an exception. The court again stated to the defendant that he was entitled to be heard on the preliminary inquiry touching the voluntariness of the alleged confession. "Counsel for defendant stated that they did not desire to offer such testimony before the court at this time." (R., p. 30.) The exception is unavailing. *S. v. Stefanoff, supra.* The competency of the confession was a preliminary question for the trial court, *S. v. Andrew,* 61 N. C., 205, to be determined in the manner pointed out in *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603, and the court's ruling thereon is not subject to review, if supported by any competent evidence. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. The defendant waived his right to offer evidence on the preliminary inquiry. *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629. He is in no position now to complain at the admission in evidence of the confession. *S. v. Smith, supra.* The court's ruling is supported by ample evidence.

It is true, the defendant later testified to matters which, if believed, would have rendered the confession involuntary and inadmissible. *S. v.*

*Stevenson,* 212 N. C., 648, 194 S. E., 81. But this was too late. He should have offered his evidence on the preliminary inquiry when the court was seeking to determine its competency. The case is not like *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643, where the involuntariness of the confession subsequently appeared from the testimony of a State's witness. Here, the voluntariness of the confession is fully supported by the State's evidence.

The remaining exceptions are addressed to portions of the charge. The defendant thinks the court expressed an opinion, confused the jury in respect of manslaughter, and omitted to state in a plain and correct manner the evidence given in the case and to declare and explain the law arising thereon. C. S., 564. None of these exceptions can be sustained. They are all settled by previous decisions. It would only be a matter of repetition to consider them *seriatim.* Any error in the charge on the issue of manslaughter would seem to be harmless, as under the evidence the court might well have limited the jury to a consideration of the capital offense or an acquittal. *S. v. Linney,* 212 N. C., 739, 194 S. E., 470.

As no reversible error has been made to appear, the verdict and judgment will be upheld.

No error.