## STATE v. WILLIE RICHARDSON.

(Filed 11 October, 1939.)

**1. Burglary § 1—**

A person who burglariously breaks and enters a dwelling at nighttime while the same is occupied is guilty of burglary in the first degree, and the fact that the value of goods stolen from the dwelling is less than $20.00 is no defense to the capital charge, the provision of C. S., 4251, dividing larceny into two degrees, by its terms having no application to burglary.

**2. Criminal Law § 33—**

A confession is to be regarded as *prima facie* voluntary and admissible and it is incumbent upon defendant to ask that its voluntariness be determined before its introduction, but failure of defendant to challenge its competency will not be held fatal to his objection if its involuntariness appears from the State's evidence.

**3. Same—**

A confession is not rendered involuntary and incompetent by the mere fact that, at the time of making it, defendant is in prison or under arrest.

APPEAL by defendant from *Thompson, J.,* at March Term, 1939, of NASH.

Criminal prosecution tried upon indictment charging the defendant with burglary in the first degree.

Verdict: Guilty of burglary in the first degree.

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*O. B. Moss and N. M. Batchelor for defendant.*

STACY, C. J. It is in evidence that on the night of 10 February, 1939, the defendant entered the home of Mr. and Mrs. Frank Butler, Rocky Mount, N. C., which was occupied at the time by Mrs. Butler, with intent the goods and chattels of the owners therein feloniously to steal. Upon the discovery of defendant's presence in the house, which was made known to him, he engaged Mrs. Butler in an altercation and escaped through the kitchen door. It was later found that he had taken a pocketbook and a package of cigarettes from the living room. On 16 February, following the arrest of the defendant, he confessed to entering the Butler home on the night in question, taking a lady's pocketbook which he threw away as he found no money in it, and a package of Chesterfield cigarettes which he carried home with him. The empty pocketbook was found in the yard of the Butler home and the cigarettes in the home of the defendant.

The point is made *arguendo* on demurrer to the evidence, that as the value of the goods stolen is less than $20, or not shown to be more than this amount, the evidence fails to make out a case of burglary in the first degree. *S. v. Morris,* 215 N. C., 552. It was said in *S. v. Spain,* 201 N. C., 571, 160 S. E., 825, that the value of the goods stolen was not material on an indictment for burglary, the statute, C. S., 4251, dividing larceny in two degrees, the one a misdemeanor and the other a felony, having, by its terms, no application to a charge of this kind. The argument is unavailing. *S. v. Shuford,* 152 N. C., 809, 67 S. E., 923.

The defendant objects to the introduction in evidence of an alleged confession or statements made by him to the State's witnesses on the ground that he was in the Penitentiary at the time. He did not ask that its voluntariness be determined before its introduction. *S. v. Alston,* 215 N. C., 713. This, however, might not have been fatal to his objection, had the involuntariness of the confession appeared from the State's evidence, which it does not. *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643. Unless challenged, the voluntariness of a confession will be taken for granted. *S. v. Sanders,* 84 N. C., 729. Ordinarily, a confession is to be regarded as *prima facie* voluntary and admissible in evidence. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421; *S. v. Christy,* 170 N. C., 772, 87 S. E., 499. "This Court has held consistently and

uniformly that statements made by a defendant, although in custody or in jail, are competent, if made voluntarily, and without any inducement of hope or fear"—*Connor, J.,* in *S. v. Rodman,* 188 N. C., 720, 125 S. E., 486.

Where there is no duress, threat or inducement, the fact that the defendant was in prison or under arrest at the time the confession was made, does not perforce render it incompetent. *S. v. Stefanoff,* 206 N. C., 443, 174 S. E., 411. "We are not aware of any decision which holds a confession, otherwise voluntary, inadmissible because of the number of officers present at the time it was made. Nor has the diligence of counsel discovered any." *S. v. Gray,* 192 N. C., 594, 135 S. E., 535; *S. v. Caldwell,* 212 N. C., 484, 193 S. E., 716; *S. v. Exum,* 213 N. C., 16, 195 S. E., 7.

There are other exceptions, more or less of a technical nature, all of which have been examined without discovering any of serious moment, and none has been found to warrant elaboration or discussion. The case seems to have been tried in conformity to the applicable decisions, and the judgment appears to be such as the law commands. The verdict and judgment will be upheld.

No error.