STATE v. J. B. MURRAY AND ARCHIE C. STEPHENS.

(Filed 3 January, 1940.)

**1. Criminal Law § 33—**

Prior to making the confessions admitted in evidence, defendants were warned of their rights and told by the witness what the matter was about and that it was very serious. *Held:* An exception on the ground that the warning was not sufficient is untenable.

**2. Same—**

Ordinarily, confessions are to be taken as *prima facie* voluntary and admissible unless the contrary is made to appear, the burden being upon the party against whom the confession is offered to so show.

**3. Same—**

The fact that a confession is made after arrest to an officer of the law does not in itself render the confession incompetent.

**4. Criminal Law §§ 34a, 35—Declaration of conspirator made after termination of conspiracy, in presence of co-conspirator and impliedly assented to by him, is competent against both.**

The state's evidence tended to show that defendants conspired to rob deceased, that in the perpetration of the robbery one of them struck the fatal blow, the other being present aiding and abetting. Both defendants made confessions which were practically the same. *Held:* An instruction that declarations made by one defendant in the absence of the other were competent only against the defendant making them, but that the declarations made by defendants in the presence of each other are competent against both, is without error, since, even though the declarations were made after the termination of the conspiracy, the fact that each defendant made substantially identical declarations is an implied assent to the declarations of the other, and since it appeared that each defendant had full opportunity to deny statements made by the other in his presence under circumstances calling for a denial if any of the statements were untrue.

**5. Same—**

The court permitted the solicitor to read the entire signed statements made by each of the defendants. Defendants objected thereto on the ground that each statement involved the defendant other than the one making the statement. *Held:* It appearing that the entire of each of the statements related to the defendant making it, and that the court instructed the jury that each of the statements was competent only against the defendant making it, the objection is untenable.

**6. Homicide § 25—Evidence held sufficient for jury on charge of first degree murder.**

Evidence tending to show that defendants conspired and agreed to rob a farmer of the proceeds of tobacco sold by him, that in the perpetration of the robbery one of them struck the fatal blow, the other being present aiding and abetting, *is held* sufficient to be submitted to the jury on the question of the guilt of each defendant of murder in the first degree.

**7. Criminal Law § 51—**

The action of the trial court in permitting the solicitor to read to the jury written statements made by defendants that had been properly admitted in evidence cannot be held for error when it appears that the court cautioned the jury that each statement was competent only as to the defendant making it.

**8. Criminal Law § 53c—**

The instruction of the court when read contextually as a whole *held* not to place the burden on each defendant of proving that both defendants were insane at the time the crime was committed, but to properly place the burden on each defendant, respectively, to prove his plea of insanity.

**9. Criminal Law § 5c—**

A defendant has the burden of proving to the satisfaction of the jury his defense of insanity.

**10. Criminal Law § 53a—Where jury requests additional instructions on particular point, the court need not repeat therein instructions on defendants' defense.**

In this prosecution for murder committed in the perpetration of a robbery the jury, after it had retired for its deliberations, returned into court, and asked additional instructions as to whether defendants would be guilty of murder in the first degree if the fatal blow had been struck after the robbery had been completed. The court correctly charged them on this point. Defendants objected on the ground that in the additional instructions the court failed to charge on their defense of insanity. *Held:* It was not incumbent on the court to repeat the instructions on defendants' plea of insanity in giving the additional instructions on the particular aspect of the case, and there being no error when the additional instructions are construed with the charge as a whole, the objection is untenable.

**11. Criminal Law § 79—**

While exceptions not brought forth in defendants' brief are deemed abandoned, nevertheless they may be considered when defendants have been convicted of a capital felony.

APPEAL by the defendants from *Sinclair, Emergency Judge,* at Special June Term, 1939, of DURHAM.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*R. M. Gantt and Bennett & McDonald for defendants, appellants.*

SCHENCK, J.   The defendants were each convicted of murder in the first degree and from sentence of death appealed to the Supreme Court, assigning errors.

The State's evidence tended to show that on the night of 22 September, 1938, one Alford Marshall Snipes received fatal wounds from which he died three days later; that Snipes was a tobacco farmer and had sold his tobacco at a warehouse in Durham and had a cashier's check for $100.00 in his possession which he had received from the sale of his tobacco; that the defendants worked in and about the warehouse and knew that Snipes had the check; that the defendants planned between themselves to rob Snipes of the check; that after the defendants and Snipes had drunk a pint of whiskey one of the defendants put Snipes on a pallet in a room at the warehouse used for sleeping quarters for farmers selling their tobacco there; that after Snipes had fallen asleep the defendants returned to where he was, and one of them struck him over the head with a bottle and then with a piece of iron, while the other defendant kept watch; that then both of the defendants ransacked the clothing of Snipes and took from him the cashier's check, which they took to the bank and cashed, one defendant getting the money from the cashier while the other waited on the outside of the bank; that the defendants divided the money between them.

The defendants did not testify in their own behalf, but offered evidence tending to show that they, and each of them, were insane at the time the alleged crime was committed, and did not possess mental capacity to understand the consequences of their acts.

We will adopt for the discussion of the exceptive assignments of error the order in which they are brought forward in the appellants' brief.

Exceptions 3, 4, and 5 relate to the warning given to the defendants before they made the confessions offered in evidence by the State.   The defendants contend that the warning was not sufficient.   With this contention we cannot concur, since it appears from the testimony of the officer by whom the confessions were sought to be proven that he did not offer the defendants any reward or inducements to make the confessions, did not threaten them, and warned them of their rights and said to them, "This is a very serious matter, and I presume you know what it is about. It is about this man that has been hit at the warehouse."   Ordinarily,

confessions are to be taken as *prima facie* voluntary and admissible in evidence unless the contrary is shown and the burden is upon the party against whom they are offered to so show. *S. v. Sanders,* 84 N. C., 729; *S. v. Rodman,* 188 N. C., 720. The defendants produced no evidence of involuntariness and no such evidence appeared in that of the State.

Exceptions 11, 12, 13 and 14 relate to his Honor's permitting the witness Featherstone to relate what the defendants said to him, an officer. "Where there is no duress, threat or inducement, and the court found there was none here, the fact that the defendants were under arrest at the time the confessions were made, does not *ipso facto* render them incompetent. *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187; *S. v. Drakeford,* 162 N. C., 667, 78 S. E., 308. 'We are not aware of any decision which holds a confession, otherwise voluntary, inadmissible because of the number of officers present at the time it was made. Nor has the diligence of counsel discovered any.' *S. v. Gray,* 192 N. C., 594, 135 S. E., 535." *S. v. Stefanoff,* 206 N. C., 443.

Exception 17 relates to his Honor's instruction as to the confessions made by the respective defendants as testified to by the witness Featherstone. His Honor instructed the jury that any statement made by the defendant Murray when the defendant Stephens was not present was competent only against Murray, and any statement made by the defendant Stephens when Murray was not present was competent only against Stephens; and that statements made by Murray in Stephens' presence, and statements made by Stephens in Murray's presence, were competent against both defendants. This was a correct instruction under the circumstances of this case, since both defendants had made substantially the same confessions. Declarations of one conspirator or codefendant, although made after the termination of the conspiracy, are competent against another conspirator or codefendant if uttered in his presence and he assented thereto; and the necessary assent may be evidenced by the accused making statements practically the same as those made by his co-conspirator or codefendant. 16 C. J., pp. 658-9, par. 1312. At the time the respective confessions were made in the presence of the other fendant, such other defendant had full opportunity to make denial thereof, and, if untrue, a reply from him might have .been properly expected. *S. v. Jackson,* 150 N. C., 831.

Exception 25 relates to his Honor's permitting, over objection, the solicitor to read the signed statements of the defendants for the reason that part of such statements involved the defendant other than the makers thereof. While it is true such statements involved the defendant other than the makers thereof, the entire statements related to the defendants making them, and were therefore as a whole competent against the makers thereof. The court was careful to instruct the jury

that the statements were only competent against the respective makers thereof. This exception cannot be sustained.

Exceptions 31 and 55 are to the court's refusal to sustain the demurrers to the evidence and motions for dismissal lodged under C. S., 4643. These exceptions were properly overruled, since the evidence was amply sufficient to sustain a verdict.

Exception 56 is to the court's permitting the solicitor in his argument to read the written statements signed by the defendants to the jury. These statements had been admitted in evidence and as such it was permissible to read them to the jury. The court, however, was careful to instruct the jury that they were competent only against the makers thereof. This exception is untenable.

Exception 58 is to the following excerpt from the charge: "The jury may find that both the prisoners were sane at the time and knew what they were doing, and understood the nature and quality and consequence of their acts; or they may find that both were insane and did not so know and understand; or that one was insane and the other not insane, the law putting the burden upon the prisoners and each of them to satisfy the jury from all the evidence that they were insane at the time and did not know they were doing wrong, if you find from the evidence beyond a reasonable doubt that they, or either of them, committed the alleged robbery and homicide."

It is the contention of the defendants that the foregoing charge placed the burden upon each defendant of satisfying the jury that both defendants were insane at the time the crime was committed. We cannot concur with this contention. An inspection of the portion of the charge assailed by the exception divulges that it was the intention of the judge to place the burden on each defendant to prove to the satisfaction of the jury that he was insane, and not that both the defendants were insane, and we think this intention was made clear to the jury. The judge plainly charged the jury that they might find that one of the defendants was insane and the other was not. We are of the opinion, and so hold, that the portion of the charge assailed when read contextually in the light of the entire charge was free from prejudicial error.

The charge as to the burden of proof placed upon the defendants when they interposed a plea of insanity was in accord with the decisions of this Court. *S. v. Jones,* 191 N. C., 753; *S. v. Jones,* 203 N. C., 374; *S. v. Stafford,* 203 N. C., 601.

Exception 60 relates to instructions given by the court in response to a request for further instructions made by the jury after they had deliberated for several hours. The record is as follows: "Shortly after 12 o'clock the jury returned to the courtroom and the following proceedings were had: The Court: Gentlemen, you have not agreed upon your

verdict? Juror: We have not. The Court: Is there anything I could do to help you? Juror: What we want to know is if the man was hit in the act of robbery or after he had already robbed him, what we want to know is if it makes any difference whether the blow that killed him was in the act of robbery or after the robbery was committed?

"The court charged as follows: If the blow was struck at any time from the beginning of the proceeding of robbing him until after he had been robbed, during the entire proceeding and that blow resulted in his death, then the defendants would be guilty of murder in the first degree. As I have told you, you are the judges of the evidence and you must rely upon your recollection of the evidence and not mine. My recollection of the evidence was to the effect that the defendants went to the room where this man was sleeping; that there was something said about robbing him of his tobacco check; one of the men struck him in the head with a deadly weapon, some instrument, which resulted in his death, and after striking him in the head the man rose up and said, 'Hey, is that you?' and that afterwards there was some evidence, as my recollection has it, he struck him with some other weapon and that after he was struck one or more of the defendants ran their hands in his pockets, one of the defendants running his hand in one pocket and not finding the check and the other defendant running his hand in the other pocket, the left pocket, and finding the check. If you find beyond a reasonable doubt that those are the facts and that the blow or those blows resulted in the death of the deceased during the perpetration or attempted perpetration of a robbery, it makes no difference at exactly what moment the robbery occurred, the defendants or anyone acting with them would be guilty of murder in the first degree."

The defendants complain that this, which they term a "second charge," fails to set out the main defense of the defendants and is in effect "a peremptory instruction to find the defendants guilty of murder in the first degree." We cannot adopt the position taken by the defendants. What the judge told the jury was in response to a particular question propounded by the jury to the court—a request for instruction upon a particular phase of the case. When the question had been answered, or the request complied with, there was no further obligation upon the court, no necessity to again present the contentions of the defendants as to insanity, etc., which contentions had already been fully and impartially presented to the jury in the charge in chief. What was said by the judge in response to the request for further instructions upon a particular phase of the case must be considered in connection with the charge as a whole, and when so considered there appears to be no error.

Exceptions 61, 62 and 63 relate to the court's refusal to arrest judgment, refusal to set aside the verdict, and to pronouncing the judgments

of death. These exceptions are untenable, and further discussion thereof is rendered unnecessary by what had been said relative to the other exceptions in the record.

We have given consideration to each exception set out in the appellants' brief, and notwithstanding that those exceptions appearing in the record and not so set out are taken to be abandoned, Rule 28, we have, in view of the seriousness of the issue involved, considered them also, and we find no prejudicial error.

The homicide, except by the plea of not guilty, was practically undenied. The defense interposed on behalf of the prisoners was that of mental irresponsibility or insanity. The evidence tending to support this plea was submitted to the jury and rejected or found to be unsatisfactory. The confessions made by the defendants were found by the learned and impartial judge to have been voluntarily made. The evidence amply supports the verdict, carrying, as it does under the Constitution and statute law of our State, the death penalty.

The judgments of the Superior Court must be affirmed, since on the record we find

No error.