STATE v. RALPH THOMPSON, CLEVE BRYANT JOHNSON, BESSIE MAE WILLIAMS, AND ANNIE MAE ALLISON.

(Filed 22 November, 1944.)

**1. Criminal Law § 33—**

In the trial of a capital case, objections to confessions of defendants come too late, defendants having refused the offer of the trial judge to have their voluntariness determined in the absence of the jury, unless their involuntariness appears from the State's evidence.

**2. Same—**

Statements made by a defendant in a criminal prosecution while in the custody of officers, or in jail, are competent, if made voluntarily and without any inducement or fear. Likewise, a confession, otherwise voluntary, is not made inadmissible because of the number of officers present at the time it was made.

**3. Same—**

Where the accused persons, at the time of their arrest, were informed of the charge against them as required by G. S., 15-47, and none of them made a request to be allowed to communicate with relatives or friends or to obtain counsel, objection to the failure of the officers to inform them of the charge against them and their right to have counsel, cannot be sustained.

**4. Same—**

There is no set formula or exact language that must be used in warning a defendant of his rights, and the following language of officers affects in no way the voluntariness of defendants' confessions—"you need not make any statement, but any statement you make could be used for or against you," or "if you want to go ahead and tell me the truth, I will appreciate it."

**5. Criminal Law § 78b—**

Exceptions not set out in defendant's brief are deemed abandoned, Rule 28; and assignments of error must be brought forward and grouped in accordance with Rule 19 (3). However, as defendants have been sentenced to death, the appeal has been considered on its merits.

APPEAL by defendants, Ralph Thompson, Bessie Mae Williams and Annie Mae Allison, from *Bobbitt, J.,* at May Term, 1944, of MECK-LENBURG.

Criminal prosecution tried upon indictment charging the defendants with the murder of one Mack Minyard.

After the defendants were arraigned and entered a plea of not guilty, the defendant, Cleve Bryant Johnson, through his counsel, withdrew his plea of not guilty and tendered a plea of guilty of murder in the second degree, which plea was accepted by the State.

There is evidence tending to show that about 6:00 o'clock p.m., on 27 April, 1944, the appealing defendants, together with Cleve Bryant Johnson, went to a cafe and then to the pool room on the corner of Second and Caldwell Streets in the city of Charlotte, where they spent about an hour and a half. During this time the necessity for obtaining some money was discussed. It was decided if they wanted to have a good time they must have some money, and, according to the testimony of Cleve Bryant Johnson, who testified for the State, Ralph Thompson said, "Let's get some money, if we can't get it one way we can get it another, we could try to catch a taxi." He said, "We would get some money in North Charlotte from the taxi driver." He didn't say exactly how, but said "We might rob him." Bessie Mae Williams and Annie Mae Allison both said "All right." Thereupon they went to the corner of Fourth and Brevard Streets to catch a taxi. The use of one taxi was declined because it had two men in it. About 9:00 o'clock p.m., they got in a taxi driven by Mack Minyard and directed him to go to North Charlotte. The taxi driver stopped at one place but was directed to go to another, where the occupants got out. According to the dying declaration of Minyard, he was attacked in the car and seriously cut, thereafter he got out of the car but was held by one of the men and the women kept cutting him. He was robbed and the keys to his car, together with his billfold containing his social security card, chauffeur's

license, several other cards and a photograph, were thrown away. Most of these articles were found later by the officers, after the defendant Thompson pointed out to them where he threw them. Cleve Bryant Johnson ran when the fight started, but joined the other defendants after they had left Minyard in the road in a serious condition. Minyard died on the following night as a result of his injuries.

The defendants were arrested on Saturday afternoon, 29 April, 1944. At the time of their arrest they were informed of the charge against them and immediately thereafter questioned by the arresting officers. Each one was informed that he or she need not make any statement, but that any statement made could be used for or against them, and no threats or promises were made by the officers. Each of the defendants admitted being in the taxi driven by Minyard and gave details as to what happened. Thereafter the defendants were questioned at the Rural Police Station in Charlotte, in the presence of each other before six or eight police officers. The defendants were again warned of their rights. No threats or promises were made by the officers. The defendants made no request to communicate with friends or to obtain counsel to represent them. No statement was made to the defendants by the officers relative to the employment of counsel or as to their right to have counsel if they so desired. Each defendant, in the presence of the other defendants, repeated substantially the statement made to the arresting officers.

Verdict: Guilty of murder in the first degree, as to each defendant. Verdict: Death by asphyxiation as to each defendant.

The defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Uhlman S. Alexander, J. M. Scarborough, and Henry E. Fisher for defendants.*

DENNY, J. Exceptions one to eleven, inclusive, are directed to the admission in evidence of the confessions made by the defendants. The defendants insist in their brief that the confessions were involuntary and incompetent as evidence, for the following reasons: (1) That the defendants were in custody and that a large number of officers were present when the confessions were made; (2) that the defendants were not informed as to the charge against them and that they had a right to have counsel; and (3) that the statements made to the defendants by the officers tended to offer inducement to the defendants to make the confessions.

The defendants objected to the admission of the confessions, but declined the offer of the trial judge to have their voluntariness determined in the absence of the jury. The objection to the admission of these confessions comes too late unless their involuntariness appears from the State's evidence. *S. v. Biggs, ante,* 23, 29 S. E. (2d), 121; *S. v. Richardson,* 216 N. C., 304, 4 S. E. (2d), 852; *S. v. Alston,* 215 N. C., 713, 3 S. E. (2d), 11.

Statements made by a defendant while in the custody of officers or in jail are competent, if made voluntarily and without any inducement or fear. Likewise, a confession, otherwise voluntary, is not made inadmissible because of the number of officers present at the time it was made. *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657; *S. v. Richardson, supra; S. v. Murray,* 216 N. C., 681, 6 S. E. (2d), 513; *S. v. Exum,* 213 N. C., 16, 195 S. E., 7; *S. v. Caldwell,* 212 N. C., 485, 193 S. E., 716; *S. v. Stefanoff,* 206 N. C., 443, 174 S. E., 411; *S. v. Gray,* 192 N. C., 594, 135 S. E., 535; *S. v. Rodman,* 188 N. C., 720, 125 S. E., 486.

According to the evidence, the defendants at the time of their arrest were informed of the charge against them, as required by G. S., 15-47, formerly C. S., 4548 (a). It also appears affirmatively and uncontradicted that none of the defendants made a request to be allowed to communicate with relatives or friends or to obtain counsel. Hence, the exceptions directed to the failure of the officers to inform the defendants of the charge against them and to further inform them that they had a right to have counsel, cannot be sustained. *S. v. Exum, supra.*

Finally, it is contended by the defendants that the statements made to them by some of the officers, constituted an inducement to make the confessions, and, therefore, the confessions cannot be held to be voluntary and admissible as evidence against them. The statements relied upon to sustain the defendants' contention, are as follows: "You need not make any statement, but any statement made could be used for or against you," and as to the defendant Annie Mae Allison, one of the police officers said to her, "If you want to go ahead and tell me the truth, I will appreciate it."

Ordinarily, where a defendant is warned as to his rights, it is proper to inform him that he need not make any statement, but that whatever statement he does make may be used against him. However, there is no set formula or exact language that must be used in warning a defendant of his rights, and we do not think the statements complained of affected in any way the voluntariness of the confessions made by the defendants. *S. v. Exum, supra; S. v. Caldwell, supra.* Moreover, the confessions made by the defendants in the presence of each other, are in evidence without objection, since the exceptions thereto, as well as all

remaining exceptions, are not set out in defendants' brief. Therefore, such exceptions are considered abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 563.

The assignments of error appearing on the record are not brought forward and grouped in accordance with the requirements of Rule 19 (3), Rules of Practice in the Supreme Court, 221 N. C., 554. Since, however, the defendants have been sentenced to death, we have considered the appeal on its merits.

In the trial below, his Honor and the attorneys appointed by the court to represent the defendants, were extremely careful to safeguard the rights of the defendants, and in the trial we find

No error.