### STATE v. AUDIE LEE BROWN.

(Filed 23 November, 1949.)

**1. Criminal Law § 33—**

Where defendant offers no testimony on the preliminary inquiry and the State's evidence does not show that defendant's confession was involuntary, defendant's exception to the admission of the confession in evidence cannot be sustained.

**2. Homicide § 27h: Criminal Law § 53g—**

Where all the evidence tends to show murder committed in the perpetration of a robbery, the court is not required to submit the question of defendant's guilt of the lesser offense of murder in the second degree. G.S. 14-17.

APPEAL by defendant from *Coggin, Special Judge,* March Special Term, 1949, of RANDOLPH.

Criminal prosecution on indictment charging the defendant with the murder of one Melvin Cain.

On Sunday morning, 2 January, 1949, the body of Melvin Cain was found lying, face down, in an old woods road in Randolph County. He had been shot in the back of the neck with a shotgun.

Audie Lee Brown confessed to the sheriff that he had told the deceased on Friday before where he could buy a calf. He was in the business of cattle buying. The defendant then appeared at the home of the deceased on Saturday morning with his dog and gun, telling the deceased he wanted to do some hunting. They went down the old road in question, the deceased thinking he was going to buy a calf, and the defendant pretending to be off on a hunt. They soon came to a washed-out place in the road. The defendant stepped behind the deceased, as it was too narrow to walk side by side, and "I shot him as I stepped behind him, at close range." The defendant further stated to the sheriff that "he killed him for his money." Bills taken from the deceased were found in the possession of the defendant.

STATE *v.* BROWN.

The defendant objected to the introduction in evidence of his confession to the sheriff. The court found that it was voluntarily made. Exception. The defendant offered no testimony on the preliminary inquiry.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*J. G. Prevette for defendant.*

STACY, C. J. The defendant has been convicted of murder in the first degree, with no recommendation from the jury, and sentenced to die as the law commands in such cases. He appeals principally upon his challenge to the admission in evidence of his confession to the sheriff. The court's ruling is amply supported by the record. *S. v. Hammond,* 229 N.C. 108, 47 S.E. 2d 704; *S. v. Thompson,* 227 N.C. 19, 40 S.E. 2d 620.

There was nothing in the State's evidence to show involuntariness, and the defendant offered no testimony on the preliminary inquiry. *S. v. Alston,* 215 N.C. 713, 3 S.E. 2d 11; *S. v. Richardson,* 216 N.C. 304, 4 S.E. 2d 852; *S. v. Smith,* 213 N.C. 299, 195 S.E. 819; *S. v. Thompson,* 224 N.C. 661, 32 S.E. 2d 24. Moreover, the confession is supported by the sheriff's discoveries in consequence of what the defendant told him. *S. v. Hammond, supra; S. v. Brooks,* 225 N.C. 662, 36 S.E. 2d 238; *S. v. Wise,* 225 N.C. 746, 36 S.E. 2d 230; *S. v. Grass,* 223 N.C. 31, 25 S.E. 2d 193; *S. v. Smith, supra; S. v. McRae,* 200 N.C. 149, 156 S.E. 800. But, then, the truth or correctness of the confession is not challenged. Only its voluntariness is questioned, and this exclusively on the State's showing. *S. v. Moore,* 210 N.C. 686, 188 S.E. 421, and cases there cited.

· The defendant also complains because the court did not submit the lesser degree of murder in the second degree. However, as the defendant, according to his own confession, slew the deceased in the perpetration of a robbery, the law pronounces his crime murder in the first degree. G.S. 14-17; *S. v. Biggs,* 224 N.C. 722, 32 S.E. 2d 352; *S. v. Smith,* 223 N.C. 457, 27 S.E. 2d 114; *S. v. Williams,* 216 N.C. 446, 5 S.E. 2d 314; *S. v. Alston,* 215 N.C. 713, 3 S.E. 2d 11; *S. v. Exum,* 213 N.C. 16, 195 S.E. 7; *S. v. Donnell,* 202 N.C. 782, 164 S.E. 352; *S. v. Covington,* 117 N.C. 834, 23 S.E. 337.

On the record as presented, no reversible error has been made to appear. Hence, the verdict and judgment will be upheld.

No error.